**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

Filed
Washington State
Court of Appeals
Division Two

May 31, 2023

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56574-9-II |
| Respondent | (Consol. with No. 56577-3-II and No. 56584-6-II) |
| v. | |
| CHRISTOPHER LEE OLSEN, | PUBLISHED OPINION |
| Appellant. | |

LEE, J. — Christopher L. Olsen moved to withdraw his guilty pleas in three separate cases after our Supreme Court held in *State v. Blake*[1] that the unlawful possession of a controlled substance statute was unconstitutional. The superior court vacated Olsen's unlawful possession of a controlled substance convictions but denied his motions to withdraw his guilty pleas.

Olsen appeals, arguing that he is entitled to withdraw his guilty pleas to not only the unlawful possession of a controlled substance charges, but also his guilty pleas to the forgery and second degree unlawful possession of a firearm charges because the pleas were part of an indivisible plea agreement. Because Olsen is not entitled to withdraw his guilty pleas to the unlawful possession of a controlled substance charges, the rule regarding withdrawal of indivisible pleas is not applicable. Therefore, we affirm the superior court.

---

[1] 197 Wn.2d 170, 481 P.3d 521 (2021).

No. 56574-9-II (Consol. w/Nos. 56577-3-II and 56584-6-II)

FACTS

On August 15, 2003, the State charged Olsen with forgery committed on August 13, 2003. Then, on September 10, the State charged Olsen with unlawful possession of a controlled substance committed on September 7. Olsen pleaded guilty to both charges on the same day. Separate judgment and sentences, based on two separate cause numbers, were entered on each conviction.

On October 4, 2005, the State charged Olsen with unlawful possession of a controlled substance and second degree unlawful possession of a firearm. On January 17, 2006, Olsen pleaded guilty to both charges.

On October 6, 2021, Olsen filed motions under CrR 7.8, seeking to withdraw his guilty pleas in all three cases based on our Supreme Court's decision in *Blake*. Olsen argued that his motions were not time barred because his judgment and sentences were facially invalid due to the fact that his convictions for unlawful possession of a controlled substance were unconstitutional after the *Blake* decision. Olsen contended that he was entitled to withdraw his guilty pleas to the unlawful possession of a controlled substances charges because those convictions were void. Olsen then argued that his guilty pleas to the 2003 forgery and the 2005 second degree unlawful possession of a firearm charges were part of indivisible plea agreements with the unlawful possession of a controlled substance charges, and therefore, he is entitled to withdraw his pleas to all charges.

At the show cause hearing, Olsen clarified that he was asking to vacate his unlawful possession of a controlled substance convictions because they were void. Olsen argued that vacating the convictions required withdrawing his guilty pleas. And because the guilty pleas to unlawful possession of a controlled substance were indivisible from the guilty pleas to the other

2

charges, he was entitled to withdraw his guilty pleas to all charges that were part of the indivisible plea agreements.

The State conceded that Olsen was entitled to have his convictions for unlawful possession of a controlled substance vacated. But the State argued that vacating those convictions did not require allowing Olsen to withdraw his guilty pleas because the pleas were valid at the time that they were entered. Similarly, Olsen was not entitled to withdraw his guilty pleas to the forgery and second degree unlawful possession of a firearm charges.

The superior court ruled that Olsen's motions were not time barred because *Blake* was a significant, material, retroactive change in the law under RCW 10.73.100(6). The superior court also ruled that it was not required to allow Olsen to withdraw his voluntarily entered guilty pleas in order to vacate the unlawful possession of a controlled substance convictions. Thus, the superior court vacated Olsen's unlawful possession of a controlled substance convictions, but denied Olsen's motions to withdraw his guilty pleas.

Olsen appeals the superior court's orders denying his motions to withdraw his guilty pleas.

ANALYSIS

Olsen argues that because *Blake* rendered unlawful possession of a controlled substance a nonexistent crime, he was entitled to withdraw his guilty pleas to the unlawful possession of a controlled substance charges. Olsen also argues that because his other convictions were part of indivisible plea agreements, he must be entitled to withdraw his guilty pleas in its entirety.

When a defendant is entitled to withdraw a guilty plea to one charge in an indivisible plea agreement, the defendant may move to withdraw the entire plea agreement. *State v. Turley*, 149 Wn.2d 395, 400, 69 P.3d 338 (2003). But here, Olsen was not entitled to withdraw his guilty pleas

3

No. 56574-9-II (Consol. w/Nos. 56577-3-II and 56584-6-II)

to the unlawful possession of a controlled substance charges; therefore, he also is not entitled to withdraw his pleas to the forgery and second degree unlawful possession of a firearm charges.

A.      OLSEN NOT ENTITLED TO WITHDRAW PLEAS TO UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE

We review a trial court's order on a motion to withdraw a guilty plea for an abuse of discretion. *State v. Lamb*, 175 Wn.2d 121, 127, 285 P.3d 27 (2012). "A trial court abuses its discretion if its decision 'is manifestly unreasonable or based upon untenable grounds or reasons.'" *Id*. (quoting *State v. Powell*, 126 Wn.2d 244, 258, 893 P.2d 615 (1995)). A decision is based on untenable reasons if the court relies on an incorrect standard or the facts do not satisfy the correct standard. *Id*. A decision is based on untenable grounds if the superior court's factual findings are unsupported by the record. *Id*.

1.      Knowing and Voluntary Plea

Olsen contends that he was entitled to withdraw his guilty pleas to the unlawful possession of a controlled substance charges because (1) the holding in *Blake* that the unlawful possession of a controlled substance statute was unconstitutional means that unlawful possession of a controlled substance was a nonexistent crime at the time he entered his guilty pleas and (2) his guilty pleas to the unlawful possession of a controlled substance charges were invalid because a defendant cannot knowingly and voluntarily plead guilty to a nonexistent crime. Therefore, according to Olsen, the superior court erred in denying his motions to withdraw his guilty pleas to the unlawful possession of a controlled substance charges. We disagree.

"Due process requires that a guilty plea be knowing, voluntary, and intelligent." *In re Pers. Restraint of Mayer*, 128 Wn. App. 694, 703, 117 P.3d 353 (2005). A guilty plea to a nonexistent crime is not knowing, voluntary, or intelligent. *Id*. at 705.

4

No. 56574-9-II (Consol. w/Nos. 56577-3-II and 56584-6-II)

However, a conviction under a statute that is later determined to be unconstitutional is not the same as a conviction for a nonexistent crime. Rather, a nonexistent crime is conduct which, as charged, does not violate any criminal statute that existed at the time of the conviction. For example, in *In re Personal Restraint of Andress*, our Supreme Court held that second degree felony murder predicated on an assault was a nonexistent crime because the specific language of the second degree felony murder statute demonstrated that the Legislature did not intend for assault to be a predicate felony for felony murder. 147 Wn.2d 602, 611, 56 P.3d 981 (2002) ("The 'in furtherance of' language is strong indication that the Legislature does not intend that assault should serve as a predicate felony for second degree felony murder."). Similarly, in *In re Personal Restraint of Richey*, our Supreme Court held that the crime of attempted first degree felony murder does not exist in Washington because attempt is a specific intent crime and a person cannot intend to commit a crime that does not have an element of intent. 162 Wn.2d 865, 869, 175 P.3d 585 (2008) ("In electing to charge first degree felony murder, the State relieves itself of the burden to prove an intent to kill or, indeed, any mental element as to the killing itself. It follows that a charge of attempted felony murder is illogical in that it burdens the State with the necessity of proving that the defendant intended to commit a crime that does not have an element of intent."). When a defendant is convicted of a nonexistent crime, their conduct, as charged, simply does not actually violate any criminal statute that existed at the time of the plea.

In contrast, Olsen's conduct in 2003 and 2005 did violate a then existing criminal statute—unlawful possession of a controlled substance. Unlawful possession of a controlled substance was not a nonexistent crime; instead, it was a valid crime that was later invalidated.

Moreover, the reasoning underlying why pleading guilty to a nonexistent crime is not knowing, voluntary, and intelligent does not support Olsen's contention that his pleas to the

5

unlawful possession of a controlled substance charges were involuntary. A guilty plea to a nonexistent crime is invalid because the defendant is unaware of the elements of the offense and that their conduct fails to satisfy the elements of an offense. *See Mayer*, 128 Wn. App. at 703-95 (explaining that a guilty plea to a nonexistent crime is not knowing and intelligent because a defendant is misinformed about the elements of an offense and is unable to evaluate the evidence or the strength of the State's case); *cf. In re Pers. Restraint of Thompson,* 141 Wn.2d 712, 721, 10 P.3d 380 (2000) (plea invalid when defendant did not know that the charge to which he pleaded was enacted after his criminal conduct). Here, Olsen does not argue that at the time he pleaded guilty to unlawful possession of a controlled substance, he was misinformed as to the elements of the charge or that he was unable to determine whether his conduct violated the elements of that charge.

Also, a subsequent change in the law generally does not render a guilty plea not knowing, voluntary, or intelligent.[2] In *Lamb*, our Supreme Court held that a guilty plea could not be withdrawn because of a subsequent change in the law making a juvenile conviction for second degree burglary an offense that resulted in the loss of right to possess firearms. 175 Wn.2d at 129 ("Whether a plea is voluntary is determined by ascertaining whether the defendant was sufficiently informed of the direct consequences of the plea that existed *at the time* of the plea.") (emphasis in

---

[2] At the time Olsen pleaded guilty to unlawful possession of a controlled substance in 2003 and 2006, the statute making unlawful possession of a controlled substance a criminal offense was deemed constitutional. *State v. Cleppe*, 96 Wn.2d 373, 380, 635 P.2d 435 (1981) (holding it was within the legislature's authority to omit an intentional or knowing element to simple possession), *cert. denied*, 456 U.S. 1006 (1982); *State v. Bradshaw*, 152 Wn.2d 528, 537, 98 P.3d 1190 (2004) (holding a knowledge element is unnecessary when the legislature intentionally omits a mens rea element), *cert. denied*, 544 U.S. 922 (2005); *State v. Schmeling*, 191 Wn. App. 795, 801-02, 365 P.3d 202 (2015) (holding possession as a strict liability crime does not violate due process). It was not until years later, in 2021, that our Supreme Court declared the unlawful possession of a control substance statute unconstitutional. *Blake*, 197 Wn.2d at 186, 195.

original); *see also In re Pers. Restraint of Newlun*, 158 Wn. App. 28, 35, 240 P.3d 795 (2010) ("But, *Broce* makes it clear that 'a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.'" (internal quotation marks omitted) (quoting *United States v. Broce*, 488 U.S. 563, 572, 109 S. Ct. 757, 102 L. Ed. 2d 927 (1989))).

Here, Olsen does not argue that he was not aware of the elements of unlawful possession of a controlled substance or that his conduct failed to satisfy the elements of that offense when he pleaded guilty in 2003 and 2006. And there is nothing in the record that shows Olsen was misinformed as to the elements of unlawful possession of a controlled substance nor is there anything in the record that shows Olsen was not able to determine whether his conduct violated the elements of the unlawful possession of a controlled substance charge. Therefore, Olsen's guilty pleas to the unlawful possession of a controlled substance charges were knowing, voluntary, and intelligent.

2.    Actual and Substantial Prejudice

Even if we agreed with Olsen that his guilty pleas to the unlawful possession of a controlled substance charges were not knowing, voluntary, and intelligent, the superior court did not err in denying Olsen's motion to withdraw his guilty pleas because he cannot show actual and substantial prejudice.

"A motion to withdraw a plea after judgment has been entered is a collateral attack." *State v. Buckman*, 190 Wn.2d 51, 60, 409 P.3d 193 (2018). To obtain relief in a collateral attack, a petitioner must show both error and that they were actually and substantially prejudiced. *Id*. Therefore, Olsen also needs to show actual and substantial prejudice to be entitled to withdraw his guilty pleas to the unlawful possession of a controlled substance charges.

7

No. 56574-9-II (Consol. w/Nos. 56577-3-II and 56584-6-II)

"Prejudice at the guilty plea stage means that the defendant would more likely than not have refused to plead guilty and would have insisted on going to trial." *Id.* at 65. To show actual and substantial prejudice, the petitioner must show that it would have been rational to reject the plea agreement and proceed to trial under the circumstances. *Id.* at 66.

"In evaluating claimed prejudice, we engage in an objective, rational person inquiry, rather than a subjective analysis." *Id.* at 66. "'[A] bare allegation that a petitioner would not have pleaded guilty if he had known all the consequences of the plea is not sufficient to establish prejudice.'" *Id.* at 67 (alterations in original) (quoting *In re Pers. Restraint of Riley*, 122 Wn.2d 772, 782, 863 P.2d 554 (1993)).

Here, Olsen makes no argument and presents no evidence to support a claim that he was actually and substantially prejudiced. At the time that Olsen pleaded guilty, there is no reason supported by the record that a rational person would have rejected the guilty pleas and gone to trial on the unlawful possession of a controlled substance charges. Olsen does not even offer the bare assertion that he would have refused to plead guilty and proceeded to trial. Accordingly, Olsen cannot establish actual and substantial prejudice.

In sum, Olsen fails to show that his guilty pleas to unlawful possession of a controlled substance were not knowing, voluntary, and intelligent. Olsen also cannot establish actual and substantial prejudice resulting from his guilty pleas to the unlawful possession of a controlled substance charges. Therefore, Olsen has failed to show that he was entitled to relief in his CrR 7.8 motion, and the superior court did not abuse its discretion in denying his motion to withdraw his guilty pleas to the unlawful possession of a controlled substance charges.

No. 56574-9-II (Consol. w/Nos. 56577-3-II and 56584-6-II)

B.      WITHDRAWAL OF GUILTY PLEAS TO OTHER CHARGES – INDIVISIBILITY OF PLEAS

Olsen also argues that because his pleas to the 2003 forgery and 2005 second degree unlawful possession of a firearm charges were indivisible from the pleas to the unlawful possession of a controlled substance charges, he is entitled to withdraw those pleas as well. We disagree.

Olsen relies on *Turley*. In *Turley*, the defendant pleaded guilty to one count of first degree escape and one count of conspiracy to manufacture methamphetamine. 149 Wn.2d at 396. Three years after the defendant entered his plea, the State moved to amend the judgment and sentence to include a mandatory term of community custody that was not included in the original plea agreement or judgment and sentence. *Id*. at 396-97. After the superior court entered an amended judgment and sentence, the defendant moved to withdraw his plea agreement. *Id*. at 397. The superior court found that the guilty plea to the conspiracy to manufacture methamphetamine was involuntary because the defendant was not informed of the direct consequences of his plea. *Id*. The superior court also found that there was no error in the plea to escape because there was no mandatory community custody term on that charge. *Id*. at 397-98. The superior court granted the defendant's motion to withdraw his plea to the conspiracy to manufacture methamphetamine charge but not to the first degree escape charge. *Id*. at 398.

On appeal, our Supreme Court agreed that Turley had demonstrated that there was a manifest injustice under CrR 4.2(f)[3] and allowed Turley to withdraw the guilty plea to conspiracy to manufacture methamphetamine. *Id*. at 398-99. The court then held that "[w]hen the defendant can show manifest injustice as to one count or charge in an indivisible agreement, the defendant

_____

[3] CrR 4.2(f) provides, "The court shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice."

9

No. 56574-9-II (Consol. w/Nos. 56577-3-II and 56584-6-II)

may move to withdraw the plea agreement or have specific performance of the agreement." *Id*. at 400.

Following *Turley*, a defendant is entitled to withdraw all pleas in an indivisible plea agreement when they have demonstrated that they are entitled to withdraw at least one guilty plea in the indivisible plea agreement. As explained above, Olsen has failed to show that he is entitled to withdraw his guilty pleas to the unlawful possession of a controlled substance charges. Other than relying on the argument that he is entitled to withdraw his guilty pleas to the unlawful possession of a controlled substance charges, Olsen makes no argument that there is an error entitling him to withdraw his guilty pleas to the 2003 forgery or 2005 second degree unlawful possession of a firearm charges separate from them being part of an indivisible plea with the unlawful possession of a controlled substance pleas.

Also, to the extent Olsen is arguing that the *Turley* holding applies simply because his convictions for unlawful possession of a controlled substance must be vacated (as opposed to he should be allowed to withdraw his guilty pleas to unlawful possession of a controlled substance), the analysis in *Turley* does not support such an extension of the holding in *Turley*. The holding in *Turley* was based explicitly on the withdrawal of guilty pleas under CrR 4.2. And the court reasoned that a manifest injustice in one plea justified withdrawal of the other pleas that were part of an indivisible plea agreement—in other words, a defendant is entitled to withdraw guilty pleas to all charges in the plea agreement if the defendant shows that they are entitled to withdraw their guilty plea to at least one charge in an indivisible plea agreement. There is nothing in *Turley* that supports extending its holding to situations where a defendant has failed to show that they are entitled to withdraw at least one of their guilty pleas. Accordingly, *Turley*'s indivisible plea rule

10

No. 56574-9-II (Consol. w/Nos. 56577-3-II and 56584-6-II)

does not apply here because Olsen has not shown that he is entitled to withdraw any of his guilty pleas.

Even if the rule in *Turley* were to be extended to a situation in which some convictions are vacated (as opposed to allowing the defendant to withdraw the guilty plea), Olsen is not entitled to withdraw his guilty pleas to the 2003 forgery and 2005 second degree unlawful possession of a firearm charges. As explained below, the plea to the 2003 forgery charge was not part of an indivisible plea agreement; therefore, Olsen is not entitled to withdraw his guilty plea to the 2003 forgery charge. With regard to the 2005 second degree unlawful possession of a firearm guilty plea, while that guilty plea was part of an indivisible plea with the unlawful possession of a controlled substance guilty plea, Olsen fails to show actual and substantial prejudice; therefore, Olsen is not entitled to withdraw his guilty plea to the 2005 second degree unlawful possession of a firearm charge.

1.      2003 and 2005 Pleas

Olsen argues that his 2003 and 2005 plea agreements were indivisible plea agreements. We disagree with regard to the 2003 guilty plea on the forgery charge, but agree with regard to the 2005 guilty plea on the second degree unlawful possession of a firearm charge.

"A plea agreement is essentially a contract made between a defendant and the State." *Id.* When a defendant is entitled to withdraw one count or charge in an indivisible plea agreement, the defendant may withdraw the entire plea agreement. *Id.* "[A] trial court must treat a plea agreement as indivisible when pleas to multiple counts or charges were made at the same time, described in one document, and accepted in a single proceeding." *Id.*

Here, the 2003 forgery charge was not part of an indivisible plea agreement. Although the guilty pleas to the forgery and unlawful possession of a controlled substance charges were entered

11

at the same time and in the same proceeding, the offenses were committed at separate times, charged in separate informations, and resolved in separate documents. Therefore, the 2003 forgery charge was not part of an indivisible plea agreement with the 2003 unlawful possession of a controlled substance charge. Accordingly, even if we extend *Turley* to circumstances where one conviction is vacated, Olsen is not entitled to withdraw his guilty plea to the 2003 forgery charge because it was not part of an indivisible plea agreement.

In contrast, the 2005 unlawful possession of a controlled substance charge and the 2005 second degree unlawful possession of a firearm charge were committed on the same day, charged in the same information, pleaded guilty to on the same day and in the same document, and resolved in the same judgment and sentence from the same proceeding. Therefore, Olsen's guilty plea to the 2005 charges were part of an indivisible plea agreement. However, although the 2005 guilty plea to second degree unlawful possession of a firearm was part of an indivisible plea agreement, Olsen must still show actual and substantial prejudice to be entitled to relief.

2. Actual and Substantial Prejudice

As explained above, to obtain relief in a collateral attack, a petitioner must show both error and that they were actually and substantially prejudiced. *Buckman*, 190 Wn.2d at 60.[4] Thus, to

---

[4] In *In re Personal Restraint of Bradley*, our Supreme Court applied the indivisible plea rule from *Turley* and held the petitioner was entitled to withdraw both pleas in an indivisible plea agreement because of an error in one of the pleas without requiring a showing of actual and substantial prejudice. 165 Wn.2d 934, 941-43, 205 P.3d 123 (2009).

Although *Bradley* appears to support Olsen's argument, our Supreme Court later disavowed *Bradley* in *Buckman*. In *Buckman*, the court explained:

[W]e briefly veered from [the] clear standard in *In re Personal Restraint of Isadore*, 151 Wn.2d 294, 296, 88 P.3d 390 (2004), and in *In re Personal Restraint of Bradley*, 165 Wn.2d 934, 205 P.3d 123 (2009), both of which failed to require the petitioner to show actual and substantial prejudice of any kind. We subsequently

be entitled to relief, Olsen must show that it is more likely than not that he would have refused to plead guilty and would have gone to trial. *See id*. at 65. A bare allegation that he would not have pleaded guilty to the 2005 second degree unlawful possession of a firearm charge is insufficient; Olsen must show that it would have been rational to reject the plea agreement. *See id*. at 65-66.

Here, Olsen makes no argument attempting to show actual and substantial prejudice. Olsen does not even offer a bare assertion that he would not have pleaded guilty or entered the 2005 plea agreement. Based on the record before us, we can conceive of no argument that shows Olsen was prejudiced in any way from pleading guilty as charged to the 2005 second degree unlawful possession of a firearm charge. Therefore, Olsen has failed to meet his burden to show actual and substantial prejudice, and he is not entitled to withdraw his 2005 guilty plea to the second degree unlawful possession of a firearm charge.

## CONCLUSION

Olsen fails to show that his guilty pleas to unlawful possession of a controlled substance charges were not entered into knowingly, voluntarily, and intelligently. Therefore, although he is entitled to having his guilty pleas to unlawful possession of a controlled substance vacated pursuant to *Blake*, Olsen is not entitled to withdraw his guilty pleas to those charges.

---

corrected this detour. We have explained that "*Isadore* did not require the petitioner to show actual and substantial prejudice because the unique circumstances of the case compelled the court to apply the direct appeal standard rather than the personal restraint petition standard." [*In re Pers. Restraint of*] *Yates*, 180 Wn.2d [33,] 40, 321 P.3d 1195 (citing [*In re Pers. Restraint of*] *Stockwell*, 179 Wn.2d 588, 316 P.3d 1007 [(2014)]). We further explained that *Bradley*, by citing *Isadore*, mistakenly applied that same direct appeal standard.

190 Wn.2d at 63 n.9. Thus, *Buckman* was clear that to obtain relief from a collateral attack, the petitioner must demonstrate actual and substantial prejudice. *Id.* at 65.

No. 56574-9-II (Consol. w/Nos. 56577-3-II and 56584-6-II)

Because Olsen is not entitled to withdraw his pleas to the unlawful possession of a controlled substance charges, *Turley* does not apply. And even if we extend the holding in *Turley* to circumstances where a conviction is vacated, there remains no basis to allow Olsen to vacate his 2003 forgery and 2005 second degree unlawful possession of a firearm guilty pleas. The 2003 guilty plea to forgery was not part of an indivisible plea, and although the 2005 guilty plea to second degree unlawful possession of a firearm was part of an indivisible plea, Olsen fails to show actual and substantial prejudice. Therefore, we affirm the superior court's orders denying Olsen's motions to withdraw his guilty pleas.

Lee, J.

We concur:

Maxa, P.J.

Che, J.

14