# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                                        Respondent,<br><br>     v.<br><br>NICOLE MARIE WILLYARD,<br><br>                                        Appellant. | No.  56579-0-II<br><br><br><br>UNPUBLISHED OPINION |

LEE, J. — Nicole M. Willyard[1] appeals the trial court's order affording relief from judgment pursuant to *State v. Blake*,[2] which vacated Willyard's conviction for unlawful possession of a controlled substance but left in place Willyard's conviction for obstructing a public servant (obstruction).  Willyard argues that she should be allowed to withdraw her guilty pleas to both the unlawful possession of a controlled substance and obstruction convictions because the guilty pleas to unlawful possession of a controlled substance and obstruction are part of an indivisible plea.

We hold that while Willyard is entitled to have her unlawful possession of a controlled substance conviction vacated, Willyard is not entitled to withdraw her plea to obstruction. Accordingly, we affirm the trial court's order.

---

[1]  Much of the record in this case refers to Willyard as Trichler.  This opinion refers to the appellant as Willyard for consistency with the case caption.

[2]  197 Wn.2d 170, 481 P.3d 521 (2021).

No. 56579-0-II

FACTS

Willyard was a passenger in a vehicle that was pulled over on September 24, 2003. Willyard gave law enforcement officers a false name when they asked for her information. When the officers searched the car, they found a pipe filled with methamphetamine where Willyard was sitting.

On September 26, 2003, the State charged Willyard with one count of unlawful possession of a controlled substance committed on September 24. The State later amended the information to add a charge for obstructing a public servant (obstruction) committed on that same day.

Willyard pleaded guilty to both charges on October 21, 2003. On that same day, Willyard also pleaded guilty to a separate charge in a different case for bail jumping. The statement of defendant on plea of guilty for the unlawful possession of a controlled substance and obstruction case was a different document than the statement of defendant on plea of guilty for the bail jumping case. The unlawful possession of a controlled substance/obstruction case and the bail jumping case were assigned different case numbers and the trial court entered separate judgment and sentences for the two cases.[3] Because Willyard did not file an appeal, Willyard's judgment in this case became final on October 21, 2003, the day it was filed with the superior court clerk.[4]

---

[3] The case number for bail jumping conviction is Thurston County Superior Court case no. 03-1-00645-2, and the case number for unlawful possession of a controlled substance and obstruction convictions is Thurston County Superior Court case no. 03-1-01829-9.

[4] RCW 10.73.090(3) provides that

a judgment becomes final on the last of the following dates:

(a) The date it is filed with the clerk of the trial court;

2

No. 56579-0-II

In February 2021, our Supreme Court issued its opinion in *Blake*, holding that Washington's former unlawful possession of a controlled substance statute was unconstitutional and void. 197 Wn.2d at 195.

In July 2021, Willyard filed a pro se motion for relief from judgment pursuant to CrR 7.8, and hand wrote in case number 03-1-01829-9, which is the case number for the current case on appeal involving the unlawful possession of a controlled substance and obstruction convictions. In the motion, Willyard made arguments regarding bail jumping but did not discuss the obstruction conviction.

After counsel was appointed for Willyard, Willyard's counsel filed a motion under CrR 7.8, seeking to withdraw Willyard's guilty plea based on our Supreme Court's decision in *Blake.* Willyard argued that her motion was not time barred because her judgment and sentences were facially invalid due to the *Blake* decision. Willyard contended that she was entitled to withdraw her plea to the unlawful possession of a controlled substance charge because that conviction was void and should be vacated. Willyard also contended that her pleas to the unlawful possession of a controlled substance charge and the obstruction charge constituted an indivisible plea agreement; therefore, the entire plea must be withdrawn.

---

(b) The date that an appellate court issues its mandate disposing of a timely direct appeal from the conviction; or

(c) The date that the United States Supreme Court denies a timely petition for certiorari to review a decision affirming the conviction on direct appeal. The filing of a motion to reconsider denial of certiorari does not prevent a judgment from becoming final.

The State opposed Willyard's motion to withdraw her guilty plea. The State argued that Willyard had not shown her plea was involuntary, Willyard's motion was moot because she had already served her sentence, and Willyard had not shown any prejudice resulting from her guilty plea. However, the State conceded that Willyard's motion relating to the unlawful possession of a controlled substance conviction was not time barred because *Blake* was a substantial change in the law that rendered the judgment and sentence facially invalid.

At the show cause hearing on Willyard's CrR 7.8 motion, Willyard argued that she was entitled to a vacation of her unlawful possession of a controlled substance conviction because it is a nonexistent crime, rendering the conviction invalid. Willyard also argued that the plea to unlawful possession of a controlled substance was part of an indivisible plea agreement that included another charge, so she was entitled to withdraw her guilty pleas to all charges that were part of the indivisible plea.

The State conceded that Willyard was entitled to a vacation of the unlawful possession of a controlled substance conviction. But the State argued that Willyard was not entitled to withdraw her guilty plea to the obstruction charge and the obstruction conviction should remain.

The trial court ruled that withdrawal of the entire plea agreement was not the appropriate legal remedy. Instead, the appropriate remedy was vacating and dismissing the unlawful possession of a controlled substance conviction. Accordingly, the trial court vacated Willyard's unlawful possession of a controlled substance conviction but denied Willyard's motion to withdraw her guilty pleas. The trial court entered a written order vacating and dismissing Willyard's unlawful possession of a controlled substance conviction and ordering that the obstruction conviction remain.

Willyard appeals.

ANALYSIS

Willyard argues that *Blake* rendered unlawful possession of a controlled substance a nonexistent crime, and therefore, she is entitled to withdraw her guilty pleas to both unlawful possession of a controlled substance and obstruction. Willyard contends that because her convictions resulted from an indivisible plea agreement, she must be entitled to withdraw both guilty pleas.

A.    TIME BAR

Although Willyard filed her motion to withdraw her pleas more than one year after her judgment became final, Willyard argues that her motion to withdraw her guilty pleas to both unlawful possession of a controlled substance and obstruction meets certain exceptions to the time bar. The State conceded below that the motion was not time barred. However, on appeal the State argues that its concession does not apply beyond vacation of Willyard's unlawful possession of a controlled substance conviction. We hold that while Willyard is entitled to a vacation of the unlawful possession of a controlled substance conviction, Willyard's motion to withdraw her plea to the obstruction charge is time barred.

1.    Legal Principles

"A motion to withdraw a plea after judgment has been entered is a collateral attack." *State v. Buckman*, 190 Wn.2d 51, 60, 409 P.3d 193 (2018). RCW 10.73.090(1) provides that "[n]o petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its

face and was rendered by a court of competent jurisdiction." RCW 10.73.100 lists six exceptions to the one-year time bar.

The relevant RCW 10.73.100 exceptions argued are:

> (2) The statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct; [or]
>
> . . . .
>
> (6) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

The person collaterally attacking the judgment and sentence has the burden of showing that a time bar exception applies. *In re Pers. Restraint of Fuamaila*, 131 Wn. App. 908, 918, 131 P.3d 318 (2006).

Once the one-year time limit has run, a collateral attack "may seek relief only for the defect that renders the judgment not valid on its face (or one of the exceptions listed in RCW 10.73.100)." *In re Pers. Restraint of Adams*, 178 Wn.2d 417, 424, 309 P.3d 451 (2013). Claims that fall within the exceptions to the time bar in RCW 10.73.100 will be considered, but all other claims that do not fall into one of the exceptions will not be considered. *Id.* at 425.

A defendant is entitled to withdraw all pleas in an indivisible plea agreement if they demonstrate they are entitled to withdraw at least one guilty plea in the indivisible plea agreement. *State v. Olsen*, ___ Wn. App. 2d ___, 530 P.3d 249, 255 (2023); *see State v. Turley*, 149 Wn.2d 395, 400, 69 P.3d 338 (2003). A plea agreement is indivisible if "'pleas to multiple counts or

charges were made at the same time, described in one document, and accepted in a single proceeding.'" *State v. Coombes,* 191 Wn. App. 241, 256, 361 P.3d 270 (2015) (internal quotation marks omitted) (quoting *In re Pers. Restraint of Bradley*, 165 Wn.2d 934, 941-42, 205 P.3d 123 (2009)), *review denied*, 185 Wn.2d 1020 (2016). In the absence of a showing that the pleas are indivisible, the proper remedy for an invalid unlawful possession of a controlled substance conviction on a judgment and sentence as a result of a guilty plea is vacation of the invalid unlawful possession of a controlled substance conviction, not withdrawal of the guilty plea. *See Olsen*, 530 P.3d at 257 (holding that constitutional invalidity of unlawful possession of a controlled substance conviction entitled offender to vacating the conviction but not withdrawing the plea).

2.       Motion to Withdraw Pleas is Time Barred

Here, Willyard identified one error on her judgment and sentence: a constitutionally invalid conviction for unlawful possession of a controlled substance. Willyard argues that this error is a facial invalidity that entitles her to withdraw her guilty pleas to both unlawful possession of a controlled substance and obstruction because the pleas were part of an indivisible agreement.

Here, the parties do not dispute that Willyard's challenge to the unlawful possession of a controlled substance conviction is not time barred. However, the parties dispute whether Willyard's challenge to the obstruction conviction is time barred. Unless Willyard's plea to the obstruction charge is part of an indivisible plea agreement and Willyard is allowed to withdraw her guilty plea to the unlawful possession of a controlled substance charge, Willyard's challenge to the obstruction charge is time barred. *See id.* at 255, 257.

We agree that the guilty pleas were part of an indivisible plea agreement because the unlawful possession of a controlled substance and obstruction charges were committed on the same

day, charged in the same information, pleaded guilty to on the same day and in the same document, and resolved in the same judgment and sentence. *See Coombes,* 191 Wn. App. at 256. However, Willyard has not shown that she is entitled to withdraw her guilty plea to the unlawful possession of a controlled substance conviction. *See Olsen*, 530 P.3d at 255. Without a showing that Willyard can withdraw at least one plea within the agreement, Willyard cannot show that she is entitled to withdraw all her pleas in the agreement. *See id.* at 253-55, 257 (a defendant who is unable to show they are entitled to withdraw their guilty plea to unlawful possession of a controlled substance is only entitled to a vacation of the invalid unlawful possession of a controlled substance conviction, not withdrawal of their guilty plea to all charges in the plea agreement).

Because more than one year has passed since Willyard's judgment became final, Willyard may only seek relief for the defect that renders her judgment and sentence invalid on its face—vacation of the unlawful possession of a controlled substance conviction. *See Adams*, 178 Wn.2d at 424. Willyard has failed to show any facial invalidity or defect that entitles her to seek the relief requested—withdrawal of her guilty plea to the obstruction charge.[5] Therefore, Willyard's motion to withdraw her guilty plea to the obstruction charge is time barred.

B.    ACTUAL AND SUBSTANTIAL PREJUDICE

Even if Willyard's motion to withdraw her plea to the obstruction charge is not time barred, her motion fails because she fails to show actual and substantial prejudice. To obtain relief in a

---

[5] Willyard also argues other exceptions to the time bar under RCW 10.73.100. Regardless of which exceptions Willyard argues, her arguments fail because she has not shown any defect entitling her to withdrawal of both her guilty pleas. *See Adams*, 178 Wn.2d at 424 (when challenging a judgment and sentence more than a year after its finality, an offender "may seek relief only for the defect that renders the judgment not valid on its face (or one of the exceptions listed in RCW 10.73.100).").

collateral attack, the person bringing the motion must show both error and that they were actually and substantially prejudiced. *Buckman*, 190 Wn.2d at 60. For a motion to withdraw a plea, the person bringing the motion must show that it is more likely than not that they would have refused to plead guilty and would have gone to trial. *Id.* at 65. A bare allegation is not sufficient. *Id.* at 67. To show actual and substantial prejudice, Willyard must show that more likely than not she would have refused to plead guilty and would have insisted on going to trial. *Id.* at 65.

Here, Willyard makes no argument attempting to show actual and substantial prejudice. Willyard does not even make a bare assertion she would have not pleaded guilty or entered the plea agreement in this case. Therefore, we hold that the trial court did not abuse its discretion in denying Willyard's motion to withdraw her guilty plea to the obstruction charge.

Willyard is entitled to have her unlawful possession of a controlled substance conviction vacated. However, Willyard is not entitled to withdraw her guilty plea to the obstruction charge. Therefore, Willyard's motion to withdraw her guilty plea to the obstruction charge is time barred. Accordingly, we affirm the trial court's order.

No. 56579-0-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, P.J.

Che, J.