# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56569-2-II |
| Respondent, | |
| v. | |
| NICOLE MARIE WILLYARD, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Nicole M. Willyard[1] appeals the trial court's order denying her motion to withdraw her guilty plea to bail jumping. Willyard argues that she should be allowed to withdraw her guilty plea to bail jumping because it is indivisible from her guilty plea to unlawful possession of a controlled substance in another case and that her bail jumping plea was involuntary because it was induced by misinformation about the sentencing consequences. Willyard also argues in the alternative that her bail jumping conviction must be vacated because the trial court lacked jurisdiction to order her to appear in court for the pending unlawful possession of a controlled substance charge because the *State v. Blake*[2] decision declaring the statute that criminalized possession of a controlled substance unconstitutional is retroactive.

Willyard's argument that her bail jumping conviction must be vacated because the trial court lacked jurisdiction to order Willyard appear in court for the pending unlawful possession of

_____

[1] Much of the record in this case refers to Willyard as Trichler. This opinion refers to the appellant as Willyard for consistency with the case caption.

[2] 197 Wn.2d 170, 481 P.3d 521 (2021).

a controlled substance charge from which the bail jumping charge arose is beyond the scope of this appeal; therefore, we do not address the argument. We hold that Willyard's motion to withdraw her guilty plea is time barred, and the trial court should have transferred the motion to this court to consider as a personal restraint petition (PRP). Therefore, we vacate the trial court's order denying Willyard's motion to withdraw her guilty plea on the merits and remand to the trial court to address the motion under the procedures set forth in CrR 7.8.

FACTS

In April 2003, the State charged Willyard with one count of unlawful possession of a controlled substance. The State amended the charges on September 26, 2003, to add one count of bail jumping for Willyard's failure to appear in court on the unlawful possession of a controlled substance charge on September 23, 2003.

On October 21, 2003, Willyard pleaded guilty to bail jumping, and the unlawful possession of a controlled substance charge was dismissed. Also on October 21, 2003, Willyard pleaded guilty in a separate case[3] to charges of unlawful possession of a controlled substance and obstructing a public servant (obstruction) for conduct that occurred on September 24, 2003.[4] The statement of defendant on plea of guilty for the bail jumping charge was a separate document and had a different case number than the statement of defendant on plea of guilty for the unlawful possession of a controlled substance and obstruction case. The statement of defendant on plea of

---

[3] Thurston County Superior Court case no. 03-1-01829-9, Court of Appeals case no. 56579-0-II.

[4] The record shows that the trial considered two separate cases on the same day; the record does not show that the plea to the bail jumping case was considered by the trial court at the same time as the pleas to the unlawful possession of a controlled substance and obstruction charges in the other case.

guilty in the bail jumping case stated that the prosecutor would dismiss the unlawful possession of a controlled substance charge in the same case and recommend to the court that Willyard serve 14 months of total confinement concurrent to the sentences in the other separately filed case for unlawful possession of a controlled substance and obstruction.

The trial court accepted Willyard's plea to bail jumping. The trial court entered the conviction for bail jumping and dismissed the underlying unlawful possession of a controlled substance charge. The bail jumping judgment and sentence listed the unlawful possession of a controlled substance conviction from the other case as an "[o]ther current conviction listed under different cause numbers used in calculating the offender score." Clerk's Papers (CP) at 5. The trial court also included a different 2002 unlawful possession of a controlled substance conviction in Willyard's criminal history used for calculating her offender score.

The trial court sentenced Willyard in the bail jumping case based on an offender score of four, making her total standard sentencing range 12-16 months. The court sentenced Willyard on the bail jumping conviction to 14 months of total confinement and ran that sentence concurrently with the sentence for the unlawful possession of a controlled substance and obstruction convictions in the other case. Because Willyard did not file an appeal, Willyard's judgment in the bail jumping case became final on October 21, 2003, the day it was filed with the superior court clerk.[5]

---

[5] RCW 10.73.090(3) provides that

a judgment becomes final on the last of the following dates:

(a) The date it is filed with the clerk of the trial court;

(b) The date that an appellate court issues its mandate disposing of a timely direct appeal from the conviction; or

In February 2021, our Supreme Court issued its opinion in *Blake*, holding that Washington's former unlawful possession of a controlled substance statute was unconstitutional and void. 197 Wn.2d at 195.

In July 2021, Willyard filed a pro se motion for relief from judgment pursuant to CrR 7.8. Willyard's motion listed the bail jumping case number, as well as the unlawful possession of a controlled substance/obstruction case number in the caption. Willyard argued, in relevant part, that her bail jumping conviction should be vacated because it was predicated on an unlawful possession of a controlled substance charge and that the unlawful possession of a controlled substance charge was for a nonexistent crime under *Blake*. Willyard argued that because unlawful possession of a controlled substance was the predicate offense for bail jumping, the original trial court lacked jurisdiction to hear the case.

After counsel was appointed for Willyard, counsel filed a motion to withdraw Willyard's guilty plea to the bail jumping charge. Willyard argued that her guilty plea to the bail jumping charge was indivisible from the unlawful possession of a controlled substance and obstruction guilty pleas in the other case. Willyard alleged that the pleas were made and accepted on the same day in the same proceeding. Based on this alleged indivisibility with the unlawful possession of a controlled substance and obstruction pleas in the other case, Willyard argued that she was entitled to withdraw her guilty plea to the bail jumping charge. Willyard also argued that her motion was

---

(c) The date that the United States Supreme Court denies a timely petition for certiorari to review a decision affirming the conviction on direct appeal. The filing of a motion to reconsider denial of certiorari does not prevent a judgment from becoming final.

not time barred and that the trial court should not transfer the motion to the court of appeals for consideration as a PRP. Willyard also filed a separate motion to vacate her unlawful possession of a controlled substance conviction and withdraw her guilty plea to obstruction in the other case.

The State opposed Willyard's motion to withdraw her guilty plea to the bail jumping charge. The State argued that Willyard had not shown her plea was involuntary, Willyard's motion was moot because she had already served her sentence, and Willyard had not shown any prejudice resulting from her guilty plea. However, the State conceded that "*State v. Blake* renders the judgment and sentence facially invalid; therefore, the time bar does not apply." CP at 84.

The trial court heard all of Willyard's motions to withdraw her pleas during the same show cause hearing. The court concluded that the unlawful possession of a controlled substance conviction in the other case should be vacated and dismissed. However, the court denied Willyard's motions to withdraw her pleas to obstruction and bail jumping. The court ruled that there was not a sufficient basis for Willyard to withdraw her pleas to obstruction and bail jumping. The trial court did not address the time bar issue.

At the end of the hearing, Willyard argued that she did not "see how you can bail jump on a nonexistent claim" and that the State did not have "a right to arrest, therefore, they didn't have a right to impose a bail." Verbatim Rep. of Proc. (VRP) at 23. The trial court responded, "That argument about bail jumping, that wasn't put to the Court today." VRP at 24.

Willyard appeals.

ANALYSIS

A.    LACK OF JURISDICTION: ARGUMENT OUTSIDE THE SCOPE OF THIS APPEAL

Willyard argues that her bail jumping conviction must be vacated because the trial court lacked jurisdiction over the underlying unlawful possession of a controlled substance charge in 2003. Willyard notes in her appellate briefing that this claim was brought in her pro se motion for relief from judgment. We do not address the issue because it is outside the scope of this appeal.

An appellate court's review is necessarily limited by the scope of a given appeal, which is determined by the notice of appeal, the assignments of error, and the substantive arguments of the parties. *Clark County v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 177 Wn.2d 136, 144-45, 298 P.3d 704 (2013). The notice of appeal must designate the decision or part of decision that the party wants this court to review. RAP 5.3(a); *Clark County*, 177 Wn.2d at 144-45. "After a decision or part of a decision has been identified in the notice of appeal, the assignments of error and substantive argumentation further determine precisely which claims and issues the parties have brought before the court for appellate review." *Clark County*, 177 Wn.2d at 145.

Here, Willyard filed two separate motions at the superior court approximately three months apart: one motion for relief from judgment and one motion to withdraw her guilty plea. Willyard only made jurisdictional arguments regarding the underlying unlawful possession of a controlled substance charge in her motion for relief from judgment, in which she sought to vacate the bail jumping conviction. Willyard's notice of appeal to this court only designates the trial court's denial of her motion to withdraw her plea.

When Willyard attempted to make arguments from her motion for relief from judgment at the hearing below, the trial court stated that the argument was not before the court that day. There

is no indication in our record that the trial court ruled on Willyard's motion for relief from judgment, and any decision on that motion is not properly before us in this appeal. Therefore, we do not address Willyard's argument that her bail jumping conviction must be vacated based on a lack of jurisdiction.

B.  MOTION TO WITHDRAW PLEA: TIME BARRED

Willyard also argues that the trial court erred by denying her motion to withdraw her guilty plea to bail jumping. As a threshold matter, we must determine whether Willyard's motion to withdraw her plea is time barred. Although Willyard brought her motion more than one year after her judgment became final, Willyard argues that her motion meets several exceptions to the time bar. The State conceded below that her motion was not time barred but argues on appeal that its concession did not apply to anything beyond the inclusion of an unlawful possession of a controlled substance conviction in the offender score. The trial court did not address the time bar issue. We hold that Willyard's motion to withdraw her plea to bail jumping is time barred.

"A motion to withdraw a plea after judgment has been entered is a collateral attack." *State v. Buckman*, 190 Wn.2d 51, 60, 409 P.3d 193 (2018). RCW 10.73.090(1) provides that "[n]o petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.100 provides six exceptions to the one year time bar, including:

> (2) The statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct; [or]
>
> . . . .

(6) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

The person collaterally attacking the judgment and sentence has the burden of showing that a time bar exception applies. *In re Pers. Restraint of Fuamaila*, 131 Wn. App. 908, 918, 131 P.3d 318 (2006). "[R]aising a claim under one of the exceptions in RCW 10.73.090 does not open the door to other time-barred claims." *In re Pers. Restraint of Adams*, 178 Wn.2d 417, 424-25, 309 P.3d 451 (2013). Once the one-year time limit has run, a collateral attack "may seek relief only for the defect that renders the judgment not valid on its face (or one of the exceptions listed in RCW 10.73.100)." *Id.* at 424.

1.      Constitutionally Invalid Statute

Willyard argues that her motion meets the time bar exception for a constitutionally invalid statute. To meet this time bar exception, a defendant must show that the statute *they were convicted of violating* was unconstitutional on its face or as applied to the defendant's conduct. RCW 10.73.100(2).

Here, the only conviction on the judgment and sentence is for bail jumping. Willyard makes no argument and cites no authority regarding the bail jumping statute's constitutionality. When a party cites no authority in support of a proposition, we may assume counsel has found none. *State v. Young*, 89 Wn.2d 613, 625, 574 P.2d 1171, *cert. denied*, 439 U.S. 870 (1978). Therefore, we hold that the time bar exception for a constitutionally invalid statute does not apply to Willyard's motion.

2.      Significant Retroactive Change in Law

Willyard argues that her motion meets the time bar exception for a significant retroactive change in law based on *Blake*. For this exception to apply, the change in law must be material to the conviction or sentence. RCW 10.73.100(6). Assuming without deciding that *Blake* is a significant retroactive change in law, we hold that *Blake* is not material to bail jumping convictions. *Blake* did not mention bail jumping or make any change in the law regarding bail jumping. And bail jumping convictions predicated on unlawful possession of a controlled substance charges are not invalidated by *Blake*. *See State v. Paniagua*, 22 Wn. App. 2d 350, 356, 511 P.3d 113 (bail jumping conviction predicated on unlawful possession of a controlled substance charge is not facially invalid), *review denied*, 200 Wn.2d 1018 (2022).

*Blake* only invalidated convictions under the former unlawful possession of a controlled substance statute. 197 Wn.2d at 195. Willyard makes no argument and cites to no authority regarding the inclusion of unlawful possession of a controlled substance convictions in her offender score with respect to the time bar.[6] Therefore, we hold that the time bar exception for a significant retroactive change in law does not apply to Willyard's motion.

---

[6] Even if we construe Willyard's mere mention of her offender score as an argument with respect to the time bar, *Blake*'s effect on Willyard's offender score does not provide Willyard the relief she seeks, which is to withdraw her plea on the bail jumping charge.

The record shows that Willyard's offender score and resulting standard sentencing range on the bail jumping conviction decreases with the vacation of unlawful possession of a controlled substance convictions pursuant to *Blake*. There is also a question of whether the trial court included a point for committing the current offense while being on community custody for a former unlawful possession of a controlled substance conviction. Regardless, a person collaterally attacking a judgment after the one-year time limit has run "may seek relief *only* for the defect that renders the judgment not valid on its face (or one of the exceptions listed in RCW 10.73.100)." *Adams*, 178 Wn.2d at 424 (emphasis added). If a sentencing error claim meets a time bar

3.      Facial Invalidity of Judgment and Sentence

Willyard argues that her motion meets the time bar exception for a facially invalid judgment and sentence. For the one year time bar to apply, the judgment and sentence must be facially valid. RCW 10.73.090(1). To determine whether the judgment and sentence is facially valid, we can consider related documents, including charging instruments and statements of guilty pleas. *In re Pers. Restraint of Hinton*, 152 Wn.2d 853, 858, 100 P.3d 801 (2004).

Here, the judgment and sentence includes one conviction for bail jumping. The first amended information shows that the bail jumping charge was predicated on an unlawful possession of a controlled substance charge. But the judgment and sentence shows that this unlawful possession of a controlled substance charge was ultimately dismissed, and Willyard was never convicted of unlawful possession of a controlled substance in this case. Further, Willyard makes

---

exception, that exception does not waive the time bar for other claims related to the underlying conviction. *See id.* at 425 (holding that facially invalid offender score did not waive time bar for ineffectiveness of counsel claim).

Here, the potential defect on the judgment and sentence is an incorrect offender score. The remedy for an incorrect offender score is resentencing with a corrected offender score, not withdrawal of the underlying plea. *See In re Pers. Restraint of Snively*, 180 Wn.2d 28, 32, 320 P.3d 1107 (2014) (offender may not rely on the existence of a facial sentencing error to assert other time barred claims; remedy is limited to correction of facially invalid sentence); *In re Pers. Restraint of Sylvester*, 24 Wn. App. 2d 769, 777-78, 520 P.3d 1123 (2022) (remedy for miscalculated offender score is resentencing with corrected offender score).

Willyard seeks to withdraw her guilty plea but does not explain how *Blake* is material to her bail jumping conviction for the purposes of withdrawing her bail jumping plea. Therefore, Willyard's motion to withdraw her bail jumping guilty plea does not overcome the time bar. *See Adams*, 178 Wn.2d at 424-25 ("[R]aising a claim under one of the exceptions in RCW 10.73.090 does not open the door to other time-barred claims.").

no argument about how the underlying unlawful possession of a controlled substance charge makes the judgment and sentence invalid on its face.[7]

As discussed above, Willyard's offender score included a former unlawful possession of a controlled substance conviction and the current unlawful possession of a controlled substance conviction from another separate case, but Willyard does not make an argument about the inclusion of these unlawful possession of a controlled substance convictions in her offender score with respect to the time bar.[8] Therefore, we hold that the facial invalidity exception to the time bar does not apply to Willyard's motion.

4.      Indivisibility

Part of Willyard's substantive argument is premised on her bail jumping guilty plea being indivisible from her unlawful possession of a controlled substance guilty plea in her other case. It is unclear whether Willyard intends for her arguments regarding indivisibility to also apply to her time bar arguments. Regardless, an offender is only entitled to withdraw their pleas in an indivisible plea agreement if they can show they are entitled to withdraw at least one plea in the agreement. *State v. Olsen*, ___ Wn. App. 2d ___, 530 P.3d 249, 255 (2023); *see State v. Turley*,

---

[7] Willyard states that the bail jumping conviction must be vacated because it was based on the underlying unlawful possession of a controlled substance charge, but she does not make this argument with respect to the time bar. Regardless, bail jumping is a separate offense, and an underlying unlawful possession of a controlled substance charge does not render a bail jumping conviction invalid. *See Paniagua*, 22 Wn. App. 2d at 356, 359 (holding that "a predicate crime does not constitute an element of bail jumping" because defendants must submit "to the authority of the law, until held unconstitutional, rather than taking the law into one's own hand").

[8] Even if we construe Willyard's mere mention of her offender score as an argument with respect to the time bar, for the same reason as addressed in footnote 6, the offender score does not provide Willyard the relief she seeks, which is to withdraw her plea on the bail jumping charge.

149 Wn.2d 395, 400, 69 P.3d 338 (2003). Willyard argues that she is entitled to withdraw the unlawful possession of a controlled substance plea pursuant to *Blake*, but the proper remedy for a constitutionally invalid unlawful possession of a controlled substance conviction is vacating the conviction, not withdrawing the plea. *See Olsen*, 530 P.3d at 257 (holding that constitutional invalidity of unlawful possession of a controlled substance conviction entitled offender to vacating the conviction but not withdrawing the plea). Thus, Willyard fails to show that she is entitled to withdraw any plea in the purportedly indivisible agreement.

Even if Willyard had shown she was entitled to withdraw her unlawful possession of a controlled substance plea, our record does not show that the unlawful possession of a controlled substance plea is indivisible from her bail jumping plea.

We look "to the objective manifestations of the parties to determine whether a plea is indivisible." *State v. Chambers*, 176 Wn.2d 573, 581, 293 P.3d 1185 (2013). "[A] trial court must treat a plea agreement as indivisible when pleas to multiple counts or charges were made at the same time, described in one document, and accepted in a single proceeding." *Turley*, 149 Wn.2d at 400. However, pleas entered on the same day are not necessarily indivisible. *In re Pers. Restraint of Bradley*, 165 Wn.2d 934, 943, 205 P.3d 123 (2009). If the plea documents cross reference each other, that may indicate that the pleas are part of a package deal, but a cross reference about concurrent sentencing "provides little evidence of intent to create a package plea deal." *Id.*

Here, the State charged Willyard with unlawful possession of a controlled substance and bail jumping in one information and charged Willyard in a separate information with unlawful

possession of a controlled substance and obstruction. The crimes in the two informations took place on different days.

The statement of defendant on plea of guilty in the current appeal shows that Willyard agreed to plead guilty to bail jumping in exchange for the State dismissing the underlying unlawful possession of a controlled substance charge, recommending certain legal financial obligations, and recommending a 14-month sentence to be served concurrently to the sentence in case number 03-1-01829-9. A separate statement of defendant on plea of guilty in the other case, case number 03-1-01829-9, shows that Willyard agreed to plead guilty as charged to unlawful possession of a controlled substance and obstruction. The record in the current case on appeal does not show that the State's agreed recommendation was in exchange for Willyard's guilty plea in the separate case, case number 03-1-01829-9. The concurrent sentencing with case number 03-1-01829-9 is the only cross reference between the cases in the statement of defendant on plea of guilty. But former RCW 9.94A.589(1)(a) (2002) made concurrent sentences presumptively mandatory, so the cross reference does not evidence an intent to create a global plea deal. *See* former RCW 9.94A.589(1)(a) (sentences for current offenses shall be served concurrently); *Bradley*, 165 Wn.2d at 943.

Willyard's two separate cases were ultimately resolved in separate judgment and sentences. While all the pleas were entered on the same day and the sentencing for all convictions took place on the same day the pleas were entered, there is no information in our record on appeal about the substance of those proceedings. Willyard contends that the pleas were entered as part of a global

plea agreement but has provided no documentation to support that contention.[9]  In sum, our record does not show that Willyard's bail jumping plea in this case is indivisible from Willyard's unlawful possession of a controlled substance plea in her other separate case under case number 03-1-01829-9.

Therefore, we hold that Willyard's bail jumping plea is not indivisible from her unlawful possession of a controlled substance plea in case number 03-1-01829-9.  *See* RAP 9.2(b) (it is the appellant's responsibility to designate portions of the transcript necessary for us to address the issues raised on review).  Thus, even if Willyard had shown that she was entitled to withdraw her unlawful possession of a controlled substance plea in her other case, Willyard's motion to withdraw her plea in this case still does not meet any exception to the time bar because she fails to show that her bail jumping plea is indivisible from her unlawful possession of a controlled substance plea in the other separate case.

5.    Conclusion

"A motion to withdraw a plea after judgment has been entered is a collateral attack." *Buckman*, 190 Wn.2d at 60.  Untimely collateral attacks "must be transferred to the Court of Appeals for consideration as personal restraint petitions."  *State v. Basra*, 10 Wn. App. 2d 279,

---

[9]  Willyard contends that the State conceded indivisibility in its brief to the superior court opposing Willyard's motion to withdraw her plea.  The State's brief to the trial court, filed more than 18 years after Willyard's guilty plea, does not show a concession, nor does it show that a package plea deal was entered.  The State's brief says that "[Willyard] pled guilty in two separate cases, had a felony dismissed, was sentenced at the mid-range, and received the benefit of concurrent time on both cases."  CP at 89.  The brief does not state that the pleas were negotiated or entered into as part of a global plea agreement. As discussed above, nothing in our record shows that the pleas were entered as part of a global plea agreement.

14

287, 448 P.3d 107 (2019), *review denied*, 194 Wn.2d 1020, *cert. denied*, 141 S. Ct. 322 (2020); *see* CrR 7.8(c)(2).

Here, the trial court did not consider the time bar and did not make any ruling with regard to the timeliness of Willyard's motion. As discussed above, Willyard's motion to withdraw her bail jumping plea was time barred. Thus, the trial court should have transferred Willyard's motion to this court to consider as a PRP. *See Smith v. Miller*, 25 Wn. App. 2d 561, 564, 524 P.3d 1054 (2023) ("It is mandatory for a superior court to transfer an untimely collateral attack to this court without reaching the merits."); *Basra*, 10 Wn. App. 2d at 287. Instead, the trial court improperly denied Willyard's motion to withdraw her plea on the merits. Therefore, we vacate the trial court's order denying Willyard's motion to withdraw her plea on the merits and remand to the trial court to address Willyard's motion under the procedures set forth in CrR 7.8. *See Smith*, 25 Wn. App. 2d at 565-66 ("We vacate the order dismissing [the collateral attack], and remand to the superior court with instructions to construe [the collateral attack] as a PRP and transfer it to the Court of Appeals pursuant to CrR 7.8(c)(2)."); *State v. Smith*, 144 Wn. App. 860, 864, 184 P.3d 666 (2008) ("The superior court did not have authority to deny an untimely motion and, thus, we vacate the order and remand for the superior court to enter an order complying with [CrR 7.8] consistent with this opinion.").

No. 56569-2-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, P.J.

Che, J.