[No. 27538. Department One. August 18, 1939.]

A. F. COOK *et al., Respondents,* v. ALBERT COMMELLINI *et al., Respondents,* ALBERT'S APARTMENTS, INC., *Appellant.*[1]

*Joseph A. Albi* and *G. E. Lovell,* for appellant.

*Dillard & Powell,* for respondents Cook *et al.*

[1]Reported in 93 P. (2d) 441.

MAIN, J.—The plaintiffs, A. F. Cook and Mary E. Cook, his wife, brought this action to foreclose a labor and materialmen's lien upon property owned by the defendant Ambassador Building Corporation. There were other parties made defendant, including the Independent Lumber & Fuel Company, a corporation, and the receiver of the Ambassador Building Corporation. Subsequently, the Albert's Apartments, Inc., intervened.

After his appointment, the receiver caused ten thousand dollars in insurance to be placed upon the building on the property, which, as he thought, was for the benefit of general creditors. Thereafter, and before the case came to trial, the buildings which were covered by the insurance burned.

The Albert's Apartments, Inc., amended its complaint in intervention and asked that it be given an equitable lien on the ten thousand dollars insurance. It had a mortgage upon the property in the sum of approximately ten thousand dollars. As the result of the trial, the court decreed that the Albert's Apartments should have a first and prior lien by reason of its mortgage; that the lien claimants should be second in priority, and the second mortgage lien of the Independent Lumber & Fuel Company should rank third. From that part of the decree which denied the Albert's Apartments an equitable lien upon the insurance money, it appealed. It did not appeal from any other part of the decree, and there was no other party that appealed.

Upon the appeal (*Cook v. Commellini*, 196 Wash. 125, 82 P. (2d) 143), that portion of the decree which denied the Albert's Apartments an equitable lien upon the insurance money was reversed and the cause remanded. When the case came on again for hearing in the superior court, that court construed the reversal

by this court as opening up and vacating the entire decree entered at the conclusion of the first trial. During the time that the case was pending here upon appeal, the Albert's Apartments, Inc., caused the property to be sold upon that portion of the decree which directed a foreclosure of its mortgage, and at the sale it was purchased by that corporation. In the decree entered as the result of the second hearing, that sale was set aside and vacated, and the Albert's Apartments again appeal.

The question upon this appeal is whether the trial court erred in construing the reversal upon the former appeal as vacating the entire decree instead of only that portion which had been appealed from. To state it otherwise, the question is whether, when a decree contains a number of independent provisions and the losing party appeals from one of them and the decree is reversed, it will open up the entire decree, including those parts which were not appealed from.

In Rem. Rev. Stat., § 1719 [P. C. § 7293], it is provided that the appellant, in his notice of appeal, shall designate with reasonable certainty from what judgment or orders, whether one or more, the appeal is taken, ". . . and if from part of any judgment or order, from what particular part."

In § 1720 [P. C. § 7294], it is stated that any party who does not join in the appeal, as therein provided, ". . . shall not derive any benefit from the appeal unless from the necessity of the case."

In the case of *Stewart v. Larkin*, 74 Wash. 681, 134 Pac. 186, L. R. A. 1916B, 1069, it was said that, under the statute, "It is permissible to appeal from a part of the judgment only."

It is a well-established rule that, on appeal from only a part of a judgment or decree, the court may not review rulings which do not affect the part appealed

from, except where the part appealed from is so interwoven and connected with the remainder, or is so dependent thereon, that an appeal from a part involves a consideration of the whole, and is really an appeal from the whole. 9 Bancroft's Code Practice and Remedies, § 7264.

In the case of *Shreeder v. Davis,* 43 Wash. 129, 86 Pac. 198, it was said:

"But while the question seems never to have been discussed by this court, the uniform practice of the court since its organization has been to treat judgments against two or more persons for the purposes of an appeal as a several judgment rather than as an entirety."

In the case now before us, as already indicated, the different portions of the judgment were not interwoven or dependent upon each other. Each was separate and distinct. One had to do with the foreclosure of a mortgage which was established as a first lien; another had to do with the foreclosure of a labor and materialmen's lien; and a third had to do with the rights of the second mortgagee. In passing, it may be said that there are some other portions of the decree which do not appear to be at all material at this time.

In the case of *Littell v. Miller,* 8 Wash. 566, 36 Pac. 492, it was held that an appeal from a decree of foreclosure of a mechanic's lien which results in a reversal of the decree on account of the invalidity of the lien would not affect the personal judgment obtained against the contractor in the foreclosure proceeding when he had not joined in the appeal. It was there said that:

"The statute under which the appeal was taken contains an express provision to the effect that a party not joining in an appeal shall derive no benefit therefrom except from the necessities of the case."

There is no substantial distinction between that case and the one now before us, and each rests upon the same controlling principle.

Cases such as *Benney v. Clein*, 15 Wash. 581, 46 Pac. 1037, and *Singly v. Warren*, 18 Wash. 434, 51 Pac. 1066, 63 Am. St. 896, which hold that, where a party to the action purchases property sold on execution while an appeal from the judgment is pending and the judgment is subsequently reversed, it vacates and sets aside the sale, have no application to the present case; the reason being that, in this case, the portion of the decree which directed the foreclosure of the Albert's Apartments, Inc., was never appealed from, and, consequently, was never vacated or set aside by this court.

It is true that the opinion upon the former appeal concluded with the statement: "The judgment is reversed." That language must be construed in the light of what was then before the court for determination. In the body of the opinion, it was recognized, though not expressly stated, that the appeal was only from that portion of the decree which denied the equitable lien upon the insurance money to Albert's Apartments, Inc. The fact is, the court had no jurisdiction upon that appeal to make any order with reference to those portions of the decree from which no appeal had been taken. The portions of the decree not appealed from became *res judicata,* and the mortgage, having been foreclosed and the sale made in pursuance of that decree, was legal and binding, and the court was without power to set it aside.

Something has been said about the equitable considerations in this case; but the parties who are claiming that there are such considerations had a right to protect themselves either by bidding at the sale or by redeeming. Assuming that there are equitable considerations, as claimed, these would not permit the

court to vacate any portion of the decree not appealed from.

The decree which was entered upon the second hearing and which is before us at this time is reversed, and the cause remanded.

BLAKE, C. J., STEINERT, ROBINSON, and JEFFERS, JJ., concur.