[No. 38593.    Department One.    December 29, 1966.]

JOHN P. GRIGNON *et al., Cross-appellants, v.* EMERY WECHSEL-
BERGER *et al., Respondents.**

*Reported in 422 P.2d 25.

*Helsell, Paul, Fetterman, Todd & Hokanson, Richard W. Bartke,* and *JoAnn R. Locke,* for cross-appellants.

*Wettrick, Toulouse, Lirhus & Hove,* by *Arnold J. Barer,* for respondents.

HILL, J.—The plaintiffs own a home which the defendants built for them. Shortly after the plaintiffs occupied the home numerous defects in construction were discovered; some represented failure to comply with the construction contract, others were caused by "bad and sloppy workmanship."[1]

The trial court found that the amount necessary to correct all of the defects was $4,275; that the expenditure of that sum of money would put the home in the condition it would have been in if the defendants had complied with the contract; and that such repairs could be performed "without undue economic waste."[1]

In addition, it was found that the plaintiffs had been forced to pay $112.32 for a bulldozer and operator to remove piles of dirt and grade a portion of the tract to channel water away from the house.

A judgment was entered having five numbered paragraphs:

1. A judgment was entered in favor of the plaintiffs and against the defendants in the sum of $4,400 with interest thereon at the rate of 6 per cent per annum until paid.

2. A judgment was entered in favor of the plaintiffs against another defendant, not a party to this appeal, and with which we are not concerned.

3. The plaintiffs were given a judgment for costs against all defendants.

4. The court "ordered" the plaintiffs and defendants,

[U]pon this judgment becoming final, to call for bids from three reputable builders who can be bonded, and if the amount of a good and responsible bid to correct all of the

---

[1] The language of the trial court's findings of fact.

defects . . . [which had been enumerated in the trial court's finding of fact] is for a sum less than $4,275.00, then the difference between the amount of such bid and $4,275.00 shall be c r e d i t e d on the judgment . . . .

5. The court retained jurisdiction of the cause "until the completion of the repairs . . . and payment of the judgments granted." It is the fourth and fifth paragraphs with which we are primarily concerned.

The defendants appealed from "each and every part" of the judgment and specifically designated the judgment for $4,400, and also the portion directing the call for bids.

The plaintiffs cross-appealed from so much of the judgment as provided,

for the calling of bids and the doing of things other than the payment of a sum certain of money and reserving jurisdiction in the trial court as more fully set out in paragraph 4 and 5 of said judgment.

The defendants thereafter abandoned their appeal, and the plaintiffs prosecuted their cross-appeal. The matter is before this court solely on the cross-appeal.

No supersedeas bond was posted by the defendants, and the plaintiffs, by virtue of a writ of garnishment, have been able to secure an amount in excess of $800 which has been applied on the $4,400 judgment.

The defendants moved to dismiss the cross-appeal, invoking the rule that one who has accepted the benefits of a judgment cannot appeal therefrom.

█ The rule has no application to a situation such as that existing in the present case; a party is not precluded from enforcing the portion of a judgment not appealed from though he may be appealing from another severable portion of the judgment. *Hinchman v. Point Defiance Ry.*, 14 Wash. 349, 44 Pac. 867 (1896). The motion to dismiss the cross-appeal was without merit, and is denied.

█ No case authority has been cited by the defendants, as respondents on the cross-appeal, supporting the trial court in directing that bids be secured from three contractors and reserving jurisdiction until the completion of the

repairs and the payment of the judgments. The text authority cited in support of a "conditional judgment" (49 C.J.S. 192, § 73) patently has no application to the present case. The parties here were entitled to a final judgment. The fourth and fifth paragraphs of the judgment were desired by neither the plaintiffs nor the defendants, and should be stricken. As Judge Chadwick said in *Kath v. Brown,* 53 Wash. 480, 482, 102 Pac. 424 (1909),

> While it is our boast that the courts of our country are always open, it does not follow that they are open always. There must be an end of litigation over a given subject-matter.

We have the feeling that the trial court was convinced that the plaintiffs were entitled to recover substantial damages but had serious doubt as to the amount of the damages actually sustained. We had such a situation before us in *Gilmartin v. Stevens Investment Co.,* 43 Wn.2d 289, 261 P.2d 73 (1953), where the damages were substantial, but the trial court—not satisfied with the proof of such damages—gave judgment for nominal damages only. An opinion was written by Judge Hamley (signed by three judges and concurred in by a fourth), granting a new trial. Vigorous dissents were written by Judges Schwellenbach and Olson, and each dissent had a concurring signer. The majority opinion and the two dissents may have some helpful suggestions for trial judges confronted with like circumstances.

In the present case, while we disapprove of so much of the judgment as directed the taking of bids and the reservation of jurisdiction, we are not without appreciation of what the trial court was trying to achieve.

In summary, the fourth and fifth paragraphs of the judgment are stricken therefrom. There was no appeal perfected from the rest of the judgment, and it remains in full force and effect.

ROSELLINI, C. J., OTT and HALE, JJ., and BARNETT, J. Pro Tem., concur.