

**FILE**

IN CLERKS OFFICE

SUPREME COURT, STATE OF WASHINGTON

DATE___MAR 2 1 2013

CHIEF JUSTICE

This opinion was filed for record

at _8:00 a.m._ on _March 21, 2013_

Ronald R. Carpenter

Supreme Court Clerk

IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| CLARK COUNTY WASHINGTON, CITY OF LA CENTER, GM CAMAS, LLC | ) ) ) ) | No. 85989-2 |
| Petitioners, | ) ) | |
| MACDONALD LIVING TRUST and RENAISSANCE HOMES, | ) ) ) | |
| Respondents, | ) ) | En Banc |
| and | ) ) | |
| BIRCHWOOD FARMS, LLC | ) ) | |
| Respondent-Intervenor, | ) ) | |
| v. | ) ) | Filed    MAR 2 1 2013 |
| WESTERN WASHINGTON GROWTH MANAGEMENT HEARINGS REVIEW BOARD, JOHN KARPINSKI, CLARK COUNTY NATURAL RESOURCES COUNCIL, and FUTUREWISE | ) ) ) ) ) ) ) | |
| Respondents. | ) ) | |

GONZÁLEZ, J. — This case presents a straightforward issue of appellate procedure. The question is whether the Court of Appeals erred by reviewing separate and distinct claims that had been resolved below and were not raised on appeal. The parties were not challenging the disposition of those claims, and thus, the claims had been finally adjudicated. The Court of Appeals nevertheless addressed the abandoned claims sua sponte and reversed the lower court's unchallenged rulings. In order to promote finality, judicial economy, predictability, and private settlement of disputes, and to ensure vigorous advocacy for appellate review, we prohibit review of separate and distinct claims that have not been raised on appeal. We thus vacate the portion of the Court of Appeals' opinion reversing the superior court's unchallenged rulings.

## I.    FACTS AND PROCEDURAL HISTORY

This case originates from a September 25, 2007, Clark County ordinance (the 2007 Ordinance) de-designating certain lands from status as agricultural land of long-term commercial significance (ALLTCS), *see* RCW 36.70A.170, and designating the same land as urban growth area (UGA), *see* RCW 36.70A.110. These designations are part of the comprehensive planning required under the Growth Management Act (GMA), chapter 36.70A RCW. Under the GMA, land that is outside of a city must meet certain substantive requirements to be designated UGA, RCW 36.70A.110(1), and no city may annex territory outside of a UGA, RCW 35.13.005; RCW 35A.14.005.

On November 16, 2007, Respondents John Karpinski, Clark County Natural Resources Council, and Futurewise (the Challengers) filed a petition with the Growth Management Hearings Board (the Board) alleging that Clark County was not in compliance with the GMA. *See* RCW 36.70A.280. The Challengers specifically argued that under the requirements of the GMA, the various lands affected by the 2007 Ordinance had to be designated ALLTCS and could not be designated UGA. Numerous parties were allowed to intervene.

In December 2007 and January 2008, the cities of Camas and Ridgefield began proceedings to annex certain parcels—areas now referred to generally by the parties as CA-1, CB, and RB-2 (collectively, the Annexed Lands)—that had been designated UGA by the 2007 Ordinance. Notwithstanding the ongoing dispute before the Board, the Challengers did not contest the annexations of the Annexed Lands in any proceeding, nor did any party bring the annexation proceedings to the attention of the Board. In April 2008, Camas and Ridgefield completed their annexations of the Annexed Lands.

On May 14, 2008, the Board issued its final order, finding that Clark County was not in compliance with the GMA. The Board specifically found that certain land designations from the 2007 Ordinance were clearly erroneous, including designation of the Annexed Lands as UGA. The Board also found that Clark County's clearly erroneous designations would substantially interfere with the fulfillment of the goals

of the GMA and thus were invalid. *See* RCW 36.70A.302(1). The Board was still unaware that the Annexed Lands had been annexed.

On June 11, 2008, intervenor city of La Center filed a petition for review in the Clark County Superior Court, appealing the Board's final order. *See* RCW 36.70A.300(5); RCW 34.05.514. On January 7, 2009, Clark County filed a brief with the superior court requesting reversal of the Board's order regarding Clark County's designations under the GMA.

On February 26, 2009, the Challengers entered into a stipulation with intervenor GM Camas LLC (GMC)—the owner of certain property contained within CA-1—and agreed that because GMC's property had been annexed by the City of Camas, GMC had prevailed. The stipulating parties submitted an order to the superior court, which was entered, reversing the Board's order as to GMC.

On June 12, 2009, the superior court entered an order that resolved the various remaining claims on appeal, including claims related to the Annexed Lands. The court acknowledged its prior stipulated order regarding CA-1 and concluded that due to annexation, all claims related to RB-2 also were moot. The superior court also reversed the Board's finding that Clark County's designation of area CB as UGA was clearly erroneous, apparently unaware that CB also had been annexed.

The Challengers filed a timely notice of appeal seeking review of the superior court's June 12, 2009, order. The Challengers' brief focused on substantive issues related to various parcels not at issue here. On May 17, 2010, the Court of Appeals,

4

on its own motion, ordered supplemental briefing regarding issues related to the Annexed Lands. In response, the Challengers acknowledged the stipulation regarding area CA-1 and represented that all claims related to areas CB and RB-2 were moot due to annexation. The Challengers explained that the Annexed Lands were not "encompassed in their petition of appeal," that they "did not . . . intend to seek review related to those areas . . . which were annexed," and "did not include argument related thereto in their briefing." Appellants' Suppl. Br. at 1-3. Unsatisfied, the Court of Appeals on June 1, 2010, ordered additional briefing regarding the authority underlying the annexations by Camas and Ridgefield. The Challengers noted that they had not challenged the annexations before the superior court. At this time, the city of Camas represented to the Court of Appeals that it would be a necessary party to any adjudication of the validity of the annexations.

On April 13, 2011, the Court of Appeals rendered its opinion. *Clark County v. W. Wash. Growth Mgmt. Hearings Review Bd.*, 161 Wn. App. 204, 254 P.3d 862 (2011). The Court of Appeals first addressed the validity of the annexations. The court acknowledged that "the parties . . . objected, arguing that the validity of the annexations [was] not properly before [the] court," but the court reasoned that "issues related to the annexations directly impact our ability to resolve pending issues on parcels CA-1, CB, and RB-2 raised in this appeal." *Id.* at 222. The Court of Appeals then framed the issue as "what effect, if any, the annexations had on the Growth Board's jurisdiction to determine GMA compliance for parcels CA-1, CB, and RB-2."

*Id.* at 223. The court concluded that "challenged county legislative actions pending review are not final and no party may act in reliance on them," and thus the annexations "did not deprive the Growth Board of jurisdiction over the challenge to the County's actions." *Id.* at 223-24. Acknowledging the concerns of the city of Camas as "a necessary party to the consideration of any questions involving the validity of the annexations," the court "limit[ed] [its] holding only to the Growth Board's authority to enter findings regarding the validity of the County's decisions relating to these parcels." *Id.* at 226. The Court of Appeals then went on to address various other claims on review. *See id.* at 226-49.

Clark County and GMC's successor in interest both sought discretionary review by this court. The petitions for review assigned error to the Court of Appeals' discussion of the Annexed Lands—which the Court of Appeals framed as a determination of the Board's jurisdiction—and GMC's successor in interest also emphasized the stipulation that had been entered by the parties regarding area CA-1. Although the petitions for review raised additional issues, we granted review only on the jurisdictional and parcel CA-1 issues.

The essential issue now before us is whether the Court of Appeals erred by addressing sua sponte the claims related to the Annexed Lands, which had been resolved below and remained unchallenged on appeal.

## II.    ANALYSIS

The Court of Appeals erred by adjudicating claims that were resolved below, were not raised on appeal, and remained separate and distinct from the claims that the parties raised on appeal.  Appellate adjudication of claims resolved below and not raised by the parties on appeal, when not necessary to properly resolving the claims that are raised by the parties on appeal, thwarts the finality of unchallenged stipulations and rulings, expends limited judicial resources, diminishes the predictability of adjudication, discourages the private settlement of disputes, and overlooks the need for zealous advocacy to facilitate appellate review.  The Court of Appeals' decision to address the Annexed Lands is contrary to our well-established standards of appellate jurisdiction.

An appellate court must not disturb judgments or rulings except insofar as is necessary to properly resolve the particular claims the parties have presented on appeal.  It is "a well-established rule that, on appeal from only a part of a judgment or decree, the court may not review rulings which do not affect the part appealed from, except where the part appealed from is so interwoven and connected with the remainder, or is so dependent thereon, that an appeal from a part involves consideration of the whole, and is really an appeal from the whole." *Cook v. Commellini*, 200 Wash. 268, 270-71, 93 P.2d 441 (1939).  In other words, when various portions of a judgment are "separate and distinct," an appellate court must not review those portions "from which no appeal [has] been taken." *Id.* at 271, 272

("The portions . . . not appealed from [become] *res judicata*, and . . . legal and binding, and the court [is] without power to set [them] aside."). This rule promotes finality of judgments, advances judicial economy, ensures predictability, and encourages the private settlement of disputes. *Cf. Hilltop Terrace Homeowner's Ass'n v. Island County*, 126 Wn.2d 22, 30-31, 891 P.2d 29 (1995) (noting analogous purposes of the doctrine of res judicata). Additionally, requiring an actual challenge prior to undertaking appellate review avoids "the danger of an erroneous decision caused by the failure of parties . . . to zealously advocate their position." *Orwick v. City of Seattle*, 103 Wn.2d 249, 253, 692 P.2d 793 (1984) (noting analogous purpose of dismissing moot cases).

The scope of a given appeal is determined by the notice of appeal, the assignments of error, and the substantive argumentation of the parties. *See* RAP 5.3(a) ("A notice of appeal must . . . designate the decision or part of decision which the party wants reviewed . . . ."); RAP 10.3(a), (g) ("The appellate court will only review a claimed error which is included in an assignment of error or clearly disclosed in the associated issue pertaining thereto."); RAP 12.1 (providing that "the appellate court will decide a case only on the basis of issues set forth by the parties in their briefs" except when "an issue which is not set forth . . . should be considered to properly decide a case"); *see also State v. Olson*, 126 Wn.2d 315, 318-24, 893 P.2d 629 (1995) (court will consider issue on appeal, notwithstanding technical violation of procedural rules, when nature of challenge has been made clear without prejudice to

opposing party). Initially, the notice of appeal must properly designate the decision or part of the decision that the party wants reviewed. RAP 5.3(a)(3); *see also Sargent v. Selvar*, 46 Wn.2d 271, 272-73, 280 P.2d 683 (1955); *Stewart v. Larkin*, 74 Wash. 681, 687-88, 134 P. 186 (1913). This designation also subjects to potential review any related order that "prejudicially affected the designated decision and was entered before review was accepted." *In re Dependency of Brown*, 149 Wn.2d 836, 840 n.2, 72 P.3d 757 (2003) (citing RAP 2.4(b)). After a decision or part of a decision has been identified in the notice of appeal, the assignments of error and substantive argumentation further determine precisely which claims and issues the parties have brought before the court for appellate review. *See, e.g., State v. Sims*, 171 Wn.2d 436, 441-42, 256 P.3d 285 (2011) (rejecting argument that broad notice of appeal brought entire order and all related issues before the Court of Appeals because "[s]uch a cursory conclusion fails to account for established limiting principles, including, for example, that an appellant is deemed to have waived any issues that are not raised as assignments of error and argued by brief"); *Olson*, 126 Wn.2d at 318-24; *Johnson v. Johnson*, 53 Wn.2d 107, 113-14, 330 P.2d 1075 (1958) (holding that although entire judgment was referenced in notice of appeal, separate and distinct portion not assigned as error, "not having been raised on . . . appeal, was *res judicata*" (citing *Cook*)); *cf. Matthews v. Parker*, 163 Wash. 10, 16-17, 299 P. 354 (1931) (court would adjudicate only that portion of decree relevant to the appellant seeking reversal).

An appellate court's review is necessarily limited by the scope of a given appeal. The court must address only those claims and issues necessary to properly resolving the case as raised on appeal by interested parties. *See Cook*, 200 Wash. at 270-71; *Johnson*, 53 Wn.2d at 113-14; *see also Ajax v. Gregory*, 177 Wash. 465, 475, 32 P.2d 560 (1934) ("It has long been the settled policy of this court, in disposing of cases presented, to only decide the questions which are necessary to the decision of the particular case."); *Matthews*, 163 Wash. at 17 ("It might be plausibly argued that the excess . . . addition should be apportioned equally. . . . Possibly, the location . . . [of the] improvements . . . will answer that question, should it ever arise upon conflicting claims of parties in interest. However, that is of no moment in our present inquiry, since Parker has no interest or title to [that] land . . . [and] is the only party to this action complaining of the decree."); *Stewart*, 74 Wash. at 688; *Krutz v. Dodge*, 66 Wash. 178, 179-80, 119 P. 188 (1911); *Littell v. Miller*, 8 Wash. 566, 569, 36 P. 492 (1894) (noting that in order to grant relief to appealing party it would not be necessary to alter judgment under review as to other party "not joining in [the] appeal," and thus, the judgment as to that other party remained "in full force and effect" and was not subject to modification). This "settled policy" ensures that appellate review is undertaken only insofar as is necessary to resolve actual and residual disputes between parties in interest. *Ajax*, 177 Wash. at 475. It also allows interested parties to rely on unchallenged portions of judgments, notwithstanding any outstanding appeals regarding other, separate and distinct portions of those judgments. *See Grignon v.*

*Wechselberger*, 70 Wn.2d 99, 101, 102, 422 P.2d 25 (1966) ("[A] party is not precluded from enforcing the portion of a judgment not appealed from though he may be appealing from another severable portion of the judgment."); *Hinchman*, 14 Wash. at 356 ("[I]t is apparent that the appellant is entitled in any event to all that he received, no matter what disposition is made of the case. His appeal is from portions of the decree only, and we do not think that receiving such of the proceeds as would in any event belong to him should be held to estop him from prosecuting the appeal."). In accordance with our settled policy, an appellate court must not adjudicate resolved, separate and distinct claims that are not raised by any party on appeal.

Appellate courts do retain wide discretion in determining which issues must be addressed in order to properly decide a case on appeal. *See, e.g.*, RAP 12.1(b); RAP 7.3; RAP 1.2. For example, appellate courts are allowed to consider and apply "a constitutional mandate, a statutory commandment, or an established precedent" not raised by the parties when "necessary for decision." *City of Seattle v. McCready*, 123 Wn.2d 260, 269, 868 P.2d 134 (1994); *see, e.g.*, *Hall v. Am. Nat'l Plastics, Inc.*, 73 Wn.2d 203, 205, 437 P.2d 693 (1968) (noting that courts "frequently decide *crucial issues* which the parties themselves fail to present" (emphasis added)); *Conard v. Univ. of Wash.*, 119 Wn.2d 519, 527-28, 834 P.2d 17 (1992) (considering due process claim raised sua sponte that addressed the same underlying dispute actually raised and argued on appeal). Appellate courts are also allowed to seek out briefing regarding issues deemed important to proper adjudication. *See* RAP 10.6(c); RAP 12.1(b).

However, an appellate court must not adjudicate resolved claims that are separate and distinct from the underlying disputes actually raised on appeal; such extraneous claims need not be adjudicated in order to properly decide a case on appeal, and such judicial action needlessly disturbs resolved matters, wastes judicial resources, creates unfair surprise, interferes with and deters private settlements, and risks insufficient advocacy on review. Such judicial action is not required by "the merits of the case and the interest of justice" and thus, is not authorized by our court rules. RAP 12.2. Simply put, an appellate court errs by adjudicating separate and distinct claims resolved below and not raised on appeal.

The Court of Appeals erred in this case by addressing the resolved claims related to the Annexed Lands, which were not raised on appeal. Those claims had been resolved by stipulation, dismissal, and reversal, and no challenge was presented to the Court of Appeals regarding those claims. Further, those claims, along with the Annexed Lands generally, had no bearing on the claims and issues that actually were presented to the Court of Appeals—involving entirely separate and distinct tracts of land and designations under the GMA. The Court of Appeals did not contend that adjudicating the status of the Annexed Lands was necessary in order to properly resolve the issues actually presented on appeal; instead the Court of Appeals simply asserted, incorrectly and without basis, that the issues related to the Annexed Lands actually had been directly "raised in this appeal." 161 Wn. App. at 222. The parties rightfully made clear that the Annexed Lands were in no way at issue. For these

12

reasons, we vacate the opinion of the Court of Appeals insofar as it relates to the Annexed Lands.

### III.   CONCLUSION

We vacate the Court of Appeals' opinion insofar as it relates to the Annexed Lands.  All claims related to the Annexed Lands were resolved below, were not raised on appeal, remained separate and distinct from the claims and issues actually raised on appeal, and should not have been addressed.

No. 85989-2

_Gonzáles, J._

WE CONCUR:

_Madsen, C.J._

_Fairhurst, J._

_Chambers, P.T._

_Owens, J._

14

No. 85989-2

STEPHENS, J. (concurring)—I concur in the majority's decision to reverse the Court of Appeals and reinstate the superior court's rulings. But, I would do so on the basis of mootness. The majority purports to rely solely on the appellate rules to hold that the petitioners failed to raise the proper issues. I am not convinced. While an appellate court reviews only those portions of a decision the appealing party designates, we also liberally construe the rules in determining a party's compliance. RAP 1.2 provides in relevant part: "(a) Interpretation. These rules will be liberally interpreted to promote justice and facilitate the decision of cases on the merits. Cases and issues will not be determined on the basis of compliance or noncompliance with these rules except in compelling circumstances where justice demands, subject to the restrictions in rule 18.8(b)." As the majority recognizes, appellate courts have wide discretion in determining what issues should be addressed in order to properly decide a case. Majority at 11 (citing RAP

12.1(b), 7.3, 1.2). I believe we do a disservice to the Court of Appeals by not respecting its discretion to address the issues involving the annexed lands.

Nonetheless, I would dismiss the claims challenging the annexation as moot in the context of this proceeding. The claims in question originated in a petition to the Growth Management Hearings Board (Board) challenging Clark County's designation of certain lands under the Growth Management Act, chapter 36.70A RCW. The cities of Camas and Ridgefield have annexed the lands in question, and those annexations cannot be challenged in these proceedings. As a result, the question of whether the Board properly reviewed Clark County's prior designation of the annexed lands is moot. Dismissal should follow. *See Seguin v. Barei*, 163 Wash. 702, 703, 299 P. 655 (1931) (dismissing appeal where underlying interest in disputed property was dissolved in separate proceeding).

Stephens, J.

Wiggins, J.