IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| NOLETTE KAY EVERETT,<br><br>           Respondent,<br><br>      v.<br><br>MARTIN LEE WHEELER,<br><br>           Appellant. | No. 84673-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, A.C.J. — Appellant Martin Lee Wheeler seeks review of the antiharassment order issued, on October 4, 2022, at the request of his neighbor, Nolette Kay Everett. As Wheeler's brief exclusively pertains to an ongoing property dispute between the parties, which was not addressed in the hearing on the antiharassment order, and provides no argument for how the trial court abused its discretion when it granted the order, we affirm.

FACTS[1]

Wheeler and Everett appear to reside on neighboring properties in Fall City, Washington[2] and there is evidence of a long-standing conflict over their respective

---

[1] Wheeler refers to many matters outside the record before us and attempts to introduce documents which were not before the trial court. We only consider the evidence and facts properly before us and largely rely on facts as established by the record of the proceedings and conceded by the parties in briefing.

[2] In the antiharassment order it issued on October 4, 2022, the court noted that Wheeler "is a 'renter' on Celia Smallidge's property next door to Ms. Everett." Additionally, it is clear from the briefing that the parties have previously litigated property lines. *See infra* note 3.

property rights and competing claims of harassment.[3]  On October 4, 2022, after a hearing where both parties appeared via Zoom,[4] the King County Superior Court granted Everett an antiharassment protection order (AHO) against Wheeler.[5]  The court found that Wheeler presented a credible threat to Everett and ordered Wheeler to refrain from contacting or coming within 100 feet of Everett, her residence, or workplace.[6]  The AHO also restrains Wheeler from engaging in stalking behavior and requires him to surrender any weapons he may possess.

Wheeler timely appealed the grant of the AHO.

ANALYSIS

Wheeler asserts in his brief that the "sole issue before this court is weather [sic] the math that the Honorable Susan Craighead signed was true and correct for the property description for Ms. Smallidge and Parcel No. 8731210060."  He is incorrect.  In his notice of appeal, Wheeler only designated the AHO granted to Everett on October 4, 2022 by a different judicial officer.[7]  "'[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.'"  *Dalton M, LLC v. N. Cascade Tr. Servs., Inc.*, __ Wn.3d __, 534 P.3d 339, 348 (2023) (quoting *Greenlaw v. United States*, 554 U.S.

---

[3] In his brief, Wheeler references litigation regarding a land survey of the property.  The record and briefing by both parties are replete with references to multiple protective orders previously sought by each party against the other, as well as a $10,000 small claims suit Wheeler filed against Everett for allegedly filing "false charges" and another possible claim for damages against Everett for "damagement [sic] to research property," though it is unclear if Wheeler ever filed the latter suit.

[4] An internet-based videoconferencing service.

[5] In addition to the respondent, the AHO also protects Guy D. Everett and Charlotte A. McDonald.

[6] Wheeler did not designate Everett's petition for the AHO in the record on appeal, so the precise nature of her assertions about his conduct remains unclear.

[7] The October 4, 2022 AHO was issued by King County Superior Court Judge pro tempore Jennifer Atchison.

237, 243, 128 S. Ct. 2559, 171 L. Ed. 2d 399 (2008)).  Therefore, the scope of an appeal is "'determined by the notice of appeal, the assignments of error, and the substantive argumentation of the parties.'"  *Id.* (quoting *Clark County v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 177 Wn.2d 136, 144, 298 P.3d 704 (2013)).  We "'must address only those claims and issues necessary to properly resolving the case as raised on appeal by interested parties.'"  *Id.* (quoting *Clark County*, 177 Wn.2d at 145).[8]  Accordingly, we decline to consider any previous litigation between the parties which falls outside the scope of Wheeler's notice of appeal.

As a trial court's decision to grant a protection order, which includes AHOs, is a matter of judicial discretion, we will not disturb that ruling "except on a clear showing of abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons."  *In re Parentage of T.W.J.*, 193 Wn. App. 1, 6, 367 P.3d 607 (2016) (quoting *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971)).  The entirety of Wheeler's brief addresses the property dispute between himself and Everett.  The only reference to the AHO is Wheeler's conclusory statement that this court should "remove the anti-harassment claim."  He fails to acknowledge, much less engage with the proper standard of review and provides no argument or supporting evidence to demonstrate that the superior court abused its discretion when it issued the AHO.  As such, Wheeler has not carried his burden on appeal to demonstrate error by

_____

[8] *See also* RAP 5.3(a) ("A notice of appeal must . . . designate the decision or part of decision which the party wants reviewed."); RAP 10.3(a)(4) ("The brief of the appellant or petitioner should contain . . . [a] separate concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error."); RAP 10.3(g) ("The appellate court will only review a claimed error which is included in an assignment of error or clearly disclosed in the associated issue pertaining thereto.").

the trial court. It is not a function of this court to perform an appellant's responsibility to identify and analyze issues on their behalf. *See Orwick v. City of Seattle*, 103 Wn.2d 249, 256, 692 P.2d 793 (1984) (defining the duties of the litigant as to the issues presented in relation to that of the court). Accordingly, we affirm.

Hazelrigg, A.C.J.

WE CONCUR:

Chung, J.

Mann, J.