**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| In the Matter of Visits with M.E.M. | No. 87260-5-I |
| | DIVISION ONE |
| | UNPUBLISHED OPINION |

FELDMAN, J. — M.E.M.'s grandparents, referred to herein as Petitioners,[1] appeal the trial court's dismissal of their petition for nonparental visitation, arguing that the trial court erred by finding their petition unlikely to be granted. Finding no abuse of discretion, we affirm.

Petitioners are M.E.M.'s paternal grandparents. They seek court-ordered visitation after M.E.M.'s mother prohibited visits and reduced communication between Petitioners and M.E.M. following her divorce from M.E.M.'s father. On May 17, 2024, Petitioners filed a petition for visitation pursuant to chapter 26.11 RCW, Washington's nonparental visitation statute. On August 16, 2024, after reviewing the case, the trial court dismissed the petition, finding "petitioner[s] ha[ve] not shown that it is more likely than not that the [petition] will be granted." This timely appeal followed.

---

[1] We refer to M.E.M.'s grandparents solely as "Petitioners" to protect M.E.M.'s identity. *See In re Parentage of C.S.*, 134 Wn. App. 141, 144 n.1, 139 P.3d 366 (2006) (referring to parents by first names to protect identity of child).

Parents have a fundamental right to make decisions concerning the rearing of their children, including the right to decide on visitation with grandparents. *In re Custody of Smith*, 137 Wn.2d 1, 21, 969 P.2d 21 (1998), *aff'd sub nom*. *Troxel v. Granville*, 530 U.S. 57, 120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000) ("Parents have a right to limit visitation of their children with third persons."). Recognizing this, chapter 26.11 RCW provides a narrow basis for third parties to petition for court-ordered visitation. *See In re Visits with R.V.*, 14 Wn. App. 2d 211, 218-19, 470 P.3d 531 (2020). To do so, they must file a petition for visitation alleging (1) the petitioner and child have an ongoing and substantial relationship, (2) the petitioner is a relative of the child, and (3) "[t]he child is likely to suffer harm or a substantial risk of harm if visitation is denied." RCW 26.11.020(1). The petition must be accompanied by a declaration setting forth specific facts showing that visitation is warranted. RCW 26.11.030(5).

A petitioner seeking court-ordered visitation under chapter 26.11 RCW is not necessarily guaranteed a hearing. *R.V.*, 14 Wn. App. 2d at 222. Instead, "a parent should be subject to a hearing on a relative visitation petition only in compelling circumstances." *Id.* If a petition does not warrant a hearing, it is dismissed without specific findings. *Id.* at 221-22. To determine if a hearing is warranted, the trial court conducts a preliminary review of the petition and its supporting affidavits. This review evaluates whether "it is more likely than not that visitation will be granted." RCW 26.11.030(8). Visitation is granted when petitioners clearly and convincingly show (1) the "child would likely suffer harm or the substantial risk of harm if visitation between the petitioner and the child were not granted" and (2) visitation is in the child's best interest. RCW 26.11.040(3)-(4).

Thus, for a petition to progress past preliminary review to a hearing, it must "allege specific facts [on these two elements] that, if proved true, would more likely than not clearly and convincingly establish her or his right to court-ordered visitation." *R.V.*, 14 Wn. App. 2d at 223. We review a trial court's determination under this preliminary review for abuse of discretion. *In re Visits with A.S.A.*, 21 Wn. App. 2d 474, 481, 507 P.3d 28 (2022). "'A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons.'" *R.V.*, 14 Wn. App. 2d at 221 (quoting *In re Custody of L.M.S.*, 187 Wn.2d 567, 574, 387 P.3d 707 (2017)).

Here, the trial court could reasonably find that Petitioners did not clearly and convincingly show, as required by RCW 26.11.010(3), that M.E.M. would suffer harm or substantial risk of harm if visitation was denied. Not all harm to a child is relevant in this context. Rather, the nonparental visitation statute narrowly focuses on the relationship between the petitioner and the child. *A.S.A.*, 21 Wn. App. 2d at 482. To satisfy RCW 26.11.040(3), the harm alleged must result from the loss of contact, itself, between the petitioning relative and the child. *Id.* "This is different from arguing that the custodial parent is causing harm." *Id.*

Division Three's opinion in *A.S.A.* is instructive in this case. In *A.S.A*, the court upheld the dismissal of a grandmother's nonparental visitation petition for "fail[ing] to demonstrate that the petition was likely to succeed at a hearing." 21 Wn. App. 2d at 479. In doing so, the court emphasized that allegations of harm due to poor parenting are "not the focus of the nonparental child visitation statute." *Id.* at 483. Furthermore, the court held that the grandmother's vague allegations of harm did not "indicate how granting her visitation will prevent the harm she

3

claims is being caused by the mother," particularly when the child would continue to reside with the mother even if visitation is granted. *Id.*

Similarly in this case, Petitioners allege M.E.M. will be harmed by his mother's poor parenting skills if visitation is denied. They claim her "disjointed and disorganized thought processes present the very real possibility that she is not able to fully, properly care for [M.E.M]." However, as in *A.S.A.*, these speculative allegations regarding parental fitness are not the focus of the nonparental visitation statute. This harm does not speak to the relationship between Petitioners and M.E.M., nor does it indicate how granting visitation will prevent this alleged harm as M.E.M will continue to reside with his mother.

Petitioners also argue denying visitation harms M.E.M. because "He would have no other familial contact of any kind." Division Three rejected a similar argument in *R.V.*, noting "being 'cut off from half of a child's heritage,' without more, cannot be characterized as harm" in the context of nonparental visitation. 14 Wn. App. 2d at 225. The court also stated that while "a child's life is enriched by the insights into the child's parents and family history," the "absence of that connection, standing alone, is not harm justifying state intervention." *Id.* at 226. Here, as in *R.V.*, Petitioners' allegation that M.E.M. would be harmed by losing contact with his extended family is insufficient to clearly and convincingly establish the requisite harm.

Petitioners next argue "Grandparent involvement in a child's life, in general, is extremely important to the growth and development of a child." As such, Petitioners contend that denying visitation harmfully strips M.E.M. of this benefit. This argument again misconstrues harm under RCW 26.11.040(3). Such harm is

4

not simply the absence of a benefit. *Troxel*, 530 U.S. at 63. Rather, our Supreme Court has made clear that the belief that visitation betters a child's quality of life does not alone justify state intervention. *Smith*, 137 Wn.2d at 20. Here, while M.E.M.'s quality of life may be improved by Petitioners' involvement, the absence of this benefit is insufficient to establish the requisite harm.

On this record, the trial court could reasonably find that Petitioners were unlikely to clearly and convincingly show that M.E.M. "would likely suffer harm or the substantial risk of harm if visitation between the petitioner and the child were not granted." RCW 26.11.040(3). Because the trial court could reasonably so find, we affirm on this basis without reaching whether Petitioners also failed to satisfy the additional requirement to show that visitation is in the child's best interest under RCW 26.11.040(4).[2] Since the record can support it, we defer to the trial court's conclusion that Petitioners failed to demonstrate the required likelihood of success to warrant a hearing. Accordingly, the trial court did not abuse its discretion in dismissing the petition.

Lastly, M.E.M.'s mother requests an award of reasonable attorney fees on appeal under RCW 26.11.050(1)(a), which directs the court to award fees to the respondent after considering the financial resources of the parties. *See R.V.*, 14 Wn. App. 2d at 228. But when an award mandates the consideration of parties' financial resources, parties must file financial affidavits. RAP 18.1(c). Here, M.E.M.'s mother "has failed to submit a financial affidavit as required by RAP

---

[2] *See Clark County v. W. Wash. Growth Mgmt. Hr'gs Review Bd.*, 177 Wn.2d 136, 145-47, 298 P.3d 704 (2013) (appellate courts "retain wide discretion in determining which issues must be addressed in order to properly decide a case on appeal" and "must address only those claims and issues necessary to properly resolving the case as raised on appeal by interested parties").

18.1(c).  Therefore, we decline to award . . . her attorney fees."  *A.S.A.*, 21 Wn. App. 2d at 484.

Affirmed.

Feldman, J.

WE CONCUR:

Díaz, J.

Chung, J.