**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| HOMESPACE LLC, | No. 86144-1-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| AIRBNB INC, AIRBNB TRAVEL LLC, AIRBNB PAYMENTS INC, AIRBNB STAYS INC, | |
| Respondents. | |

FELDMAN, J. — HomeSpace LLC appeals from the trial court's orders denying its motion to confirm an arbitration award and granting a motion filed by Airbnb, Inc., Airbnb Travel LLC, Airbnb Payments, Inc., and Airbnb Stays, Inc. (collectively, Airbnb) to vacate the arbitration award. We agree with HomeSpace that the trial court erroneously vacated the arbitration award, vacate the above-referenced orders, and remand for further proceedings consistent with this opinion.

I

Airbnb, Inc.[1] provides a self-described "online marketplace that connects individuals who wish to offer accommodations, known as 'hosts,' with those seeking to book accommodations, known as 'guests.'" Airbnb describes the other

---

[1] For clarity, we refer to Airbnb, Inc. with its corporate designation. We refer to the other entities (HomeSpace, Airbnb Travel, Airbnb Payments, and Airbnb Stays) without that designation.

three related entities as follows: Airbnb Travel "facilitates booking and listing hotel accommodations offered by certain Hosts," Airbnb Stays facilitates "[b]ooking or offering accommodations located in the United States for stays of 28 nights or more," and Airbnb Payments "provides payment services to Members publishing, offering and booking Accommodations." HomeSpace is a single-member LLC that listed a property located in California on Airbnb. Lenza McElrath III is the sole member and property manager of HomeSpace and is the attorney who has represented HomeSpace throughout this case.

HomeSpace filed the underlying action against Airbnb in King County Superior Court (the King County Action). In its amended complaint, HomeSpace alleged Airbnb violated the Washington Consumer Protection Act (CPA), chapter 19.86 RCW, by engaging in various "unfair and deceptive acts and practices," such as failing to disclose limitations on coverage for property damage caused by guests, tortiously interfering with contracts between hosts and guests, and failing to adequately respond to urgent housing and safety issues. As relief for these alleged CPA violations, HomeSpace asked the trial court to issue an order "enjoining Airbnb from the unfair and deceptive acts described in this complaint."

In response to HomeSpace's complaint, Airbnb filed a motion to compel arbitration pursuant to an arbitration agreement (the Arbitration Agreement) contained in its "Terms of Service."[2] The Arbitration Agreement states that "any

---

[2] The record contains several different documents entitled "Terms of Service" that were drafted by various Airbnb entities and to which McElrath agreed. The relevant provisions in these documents are virtually identical, the parties do not dispute the operative provisions of these documents, and the parties refer to these documents collectively as the "Terms of Service" and the arbitration provisions contained therein as the "Arbitration Agreement." We use those terms in the same manner as the parties.

dispute, claim or controversy arising out of or relating to these Terms or the applicability, breach, termination, validity, enforcement or interpretation thereof, or any use of the Airbnb Platform, Host Services, or any Content . . . will be settled by binding individual arbitration." (Emphasis omitted.) The Arbitration Agreement also states, "If there is a dispute about whether this Arbitration Agreement can be enforced or applies to our Dispute, you and Airbnb agree that the arbitrator will decide that issue." The Arbitration Agreement then lists several "causes of action and/or claims for relief" that "are exceptions to the Arbitration Agreement and will be brought in a judicial proceeding in a court of competent jurisdiction," one of which is "a request for the remedy of public injunctive relief." Also relevant here, the Terms of Service contain a choice-of-law provision stating "these Terms will be interpreted in accordance with the laws of the State of California and the United States of America."

The trial court granted Airbnb's motion and stated, "Plaintiff is ordered to arbitrate the controversies in this Action consistent with the parties' arbitration agreement." In response to this ruling, McElrath filed three separate demands for arbitration in his own name with the American Arbitration Association against Airbnb, Inc., Airbnb Travel, and Airbnb Payments. According to HomeSpace, it "initiated multiple arbitrations" in case "Airbnb insisted upon separate arbitrations for each entity." The arbitration award that is the subject of this appeal was issued in the arbitration involving Airbnb Travel (the Airbnb Travel Arbitration). In that arbitration, McElrath's demand explained the dispute as follows: "need arbitor [sic] determination that claims to stop Airbnb Travel LLC from fals[e]ly adver[ti]sing in

violation of Washington's Consumer Protection Act do[] not fall within scope of Airbnb's arbitration agreements."

In July 2023, the arbitrator held a preliminary hearing with the parties and thereafter issued a preliminary management hearing report and scheduling order. Addressing McElrath's request for relief, the order states, "Claimant specifically requests an Arbitrator determination as to the scope of the Airbnb arbitration agreement and specifically whether Claimant's claim seeking [public] injunctive relief in filed litigation [is] subject to mandatory arbitration provisions or whether the action to seek injunctive relief is subject to a carve-out provision in the Airbnb arbitration provision."[3]

The arbitrator held an evidentiary hearing in September 2023 and issued a written arbitration award on October 4, 2023. In the award, the arbitrator concluded that "the controversy being pursued in [the King County Action] constitutes a controversy relating to a request for public injunctive relief, and that such controversy is not an arbitrable dispute under the provisions of the arbitration agreement set forth in the Terms of Service." The arbitrator provided the following explanation for how it interpreted "public injunctive relief" in the Arbitration Agreement:

> For purposes of this arbitration proceeding, the term "public injunctive relief" will be interpreted broadly to include injunctive relief sought to benefit the general public and will not be limited to the specific categories of beneficiaries as outlined in the cited [*McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017)] case and related cases interpreting *McGill*. While the Terms of Service designate California

---

[3] Although the sentence from this order quoted above refers to "preliminary injunctive relief" instead of "public injunctive relief," the arbitration award later clarified that "the original Order incorrectly referred to 'preliminary injunctive relief' which was subsequently corrected by the Arbitrator to 'public injunctive relief.'"

law to be applied to interpret the agreement, the Arbitrator believes the proper interpretation should be based on the ordinary meaning of the phrase as understood by a consumer rather than a more restrictive definition of the phrase as adopted by California courts. If Airbnb wanted the California case law definition of "public injunctive relief" to apply to the arbitration agreement, it could have drafted the document to require that result.

The arbitrator also stated, "Although this Claim was filed against Airbnb Travel, LLC, it is the intent of this Award to apply to all Airbnb contracting entities listed in the Terms of Service, namely, Airbnb Travel, LLC, Airbnb Stays, Inc. and Airbnb, Inc."

HomeSpace filed a motion in the King County Action to confirm the arbitration award, and Airbnb filed a competing motion to vacate the award. In Airbnb's motion, it argued the arbitrator "exceeded his authority" in three respects: (1) disregarding the Arbitration Agreement's choice-of-law provision, (2) "deciding the [amended complaint] is not arbitrable despite that issue not being before him," and (3) "applying the Award to non-parties." The trial court issued an order granting Airbnb's motion and vacating the arbitration award and a separate order denying HomeSpace's motion. In the order addressing Airbnb's motion, the trial court adopted Airbnb's first basis for vacating the award and concluded the arbitrator's statements therein "amounted to a manifest disregard of the law" because he "clearly recognized the parties' intent that the agreement be interpreted according to California law" but "consciously ignored the plain language of the agreement and instead chose to apply the ordinary meaning of the phrase public injunctive relief." The trial court's order did not address Airbnb's other two bases for vacating the award. In the order denying HomeSpace's motion to

confirm the award, the trial court provided the following explanation for its ruling: "See order entered contemporaneously on [Airbnb's] motion to vacate arbitration award." HomeSpace appeals from both of these orders.

II

HomeSpace argues the trial court erred in vacating the arbitration award. We agree.

A

Preliminarily, the parties dispute whether our review is governed by the Washington Uniform Arbitration Act (WUAA) or the Federal Arbitration Act (FAA). *See* RCW 7.04A.230; 9 U.S.C. § 10. We need not decide this issue because, although we have acknowledged that "the FAA appears to impose a stricter standard" for vacatur than the WUAA, the statutes do not conflict in the context of this case and our analysis under either statute yields the same result. *See State v. Am. Tobacco Co.*, 28 Wn. App. 2d 452, 479-82, 537 P.3d 303 (2023) (declining to consider preemption argument "[b]ecause the FAA and the WUAA do not conflict, and the analysis under either yields the same result").

Under the WUAA, the trial court "shall vacate an award if . . . [a]n arbitrator exceeded the arbitrator's powers." RCW 7.04A.230(1)(d). "In considering a motion to vacate on this ground, we examine whether there is an error of law 'on the face of the award' that goes to the arbitrator's decision." *Am. Tobacco*, 28 Wn. App. 2d at 478 (internal quotation marks omitted) (quoting *Salewski v. Pilchuck Veterinary Hosp., Inc.*, 189 Wn. App. 898, 903, 359 P.3d 884 (2015)). "[T]he facial legal error standard is a very narrow ground for vacating an arbitral award." *Broom*

*v. Morgan Stanley DW, Inc.*, 169 Wn.2d 231, 239, 236 P.3d 182 (2010). "Limiting judicial review to the face of the award is a shorthand description for the policy that courts should accord substantial finality to arbitrator decisions." *Federated Servs. Ins. Co. v. Est. of Norberg*, 101 Wn. App. 119, 123, 4 P.3d 844 (2000). "The party challenging the award bears the burden of showing such grounds exist." *Am. Tobacco*, 28 Wn. App. 2d at 478.

"The FAA permits similarly narrow grounds for vacatur." *Am. Tobacco*, 28 Wn. App. 2d at 479-80. Under 9 U.S.C. § 10(a)(4), a court may vacate an arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." "There is a presumption under the FAA that arbitration awards will be confirmed," and courts "'should defer to an arbitrator's decision whenever possible.'" *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010) (quoting *B.L. Harbert Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905, 909 (11th Cir. 2006)). Thus, the party seeking such relief "bears 'a heavy burden.'" *Am. Tobacco*, 28 Wn. App. 2d at 479 (quoting *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569, 133 S. Ct. 2064, 186 L. Ed. 2d 113 (2013)). "'It is not enough for petitioners to show that the [arbitrator] committed an error—or even a serious error.'" *Id.* (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671, 130 S. Ct. 1758, 176 L. Ed. 2d 605 (2010)). "'It is only when [an] arbitrator strays from interpretation and application of the agreement and effectively dispense[s] [their] own brand of industrial justice that [their] decision

may be unenforceable.'"  *Id.* at 480 (internal quotation marks omitted) (quoting *Stolt-Nielsen S.A.*, 559 U.S. at 671).

An appellate court's review of an arbitrator's award is "limited to the same standard applicable in the court which confirmed, vacated, modified or corrected that award."  *Salewski*, 189 Wn. App. at 903.  Thus, under both the WUAA and the FAA, we must determine, based on the face of the arbitration award, whether the arbitrator exceeded his power by disregarding the parties' agreement that the Terms of Service "will be interpreted in accordance with the laws of the State of California and the United States of America."

B

Focusing on the face of the arbitration award, as we must, Airbnb has failed to establish that the arbitrator impermissibly disregarded the parties' choice-of-law agreement.  Contrary to Airbnb's argument, the arbitrator did not state that he was disregarding California law *entirely*.  Instead, the arbitrator acknowledged that "the Terms of Service designate California law be applied to interpret the agreement." The arbitrator then stated, "the proper interpretation [of the phrase public injunctive relief] should be based on the ordinary meaning of the phrase as understood by a consumer rather than a more restrictive definition of the phrase as adopted by California courts."  In other words, the arbitrator recognized the applicability of California law and then applied an "ordinary meaning" analysis to construe the parties' agreement.

In so ruling, the arbitrator was applying—rather than disregarding— California law.  The applicable framework for construing contracts under California

law is largely established by statute. *See* Cal. Civ. Code §§ 1635-1663. Especially relevant here, Cal. Civ. Code § 1644 provides, "The words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning; unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed." Consistent with this statutory mandate, California courts "accord the words of a contract their *ordinary meaning* unless otherwise indicated." *DFS Grp., L.P. v. County of San Mateo*, 31 Cal. App. 5th 1059, 1078 (2019) (emphasis added). The California Supreme Court has likewise stated, "under established principles of contract interpretation, we construe [insurance] policy language according to the mutual intentions of the parties and its '*plain and ordinary' meaning*." *Powerine Oil Co., Inc. v. Superior Court*, 37 Cal. 4th 377, 394 (2005) (emphasis added) (quoting *AIU Ins. Co. v. Superior Court*, 51 Cal. 3d 807, 814 (1990)). The arbitrator's analysis is entirely consistent with this "ordinary meaning" framework.

Airbnb complains that the arbitrator did not apply the definition of "public injunctive relief" as set forth by the California Supreme Court in *McGill*. In that case, the court held that an arbitration agreement that subjects "[a]ll claims" to arbitration "is contrary to California public policy and is thus unenforceable under California law" because it waives the right to seek public injunctive relief under certain California consumer protection statutes. 2 Cal. 5th at 951-52. Relying on prior California case law, the court defined the term "public injunctive relief" as "injunctive relief that has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public." *Id.* at 951. The court then clarified,

- 9 -

"Relief that has the primary purpose or effect of redressing or preventing injury to an individual plaintiff—or to a group of individuals similarly situated to the plaintiff—does not constitute public injunctive relief." *Id.* at 955.

Seizing on this definition of "public injunctive relief" found in California case law, Airbnb argues, "*McGill* and its progeny required the adoption of a certain definition of 'public injunctive relief' that would exclude HomeSpace's claim" because it "seeks injunctive relief primarily to resolve a private dispute with Airbnb" and "benefit a specific group of consumers, not the public at large." Thus, Airbnb contends the arbitrator, by not interpreting "public injunctive relief" as specifically defined by this case law, "overrule[d] the California Supreme Court on what constitutes public injunctive relief under California law" and effectively "refus[ed] to apply California law" as required by the Arbitration Agreement.

While the arbitrator clearly rejected Airbnb's proposed interpretation of the phrase "public injunctive relief," that does not mean the arbitrator disavowed the parties' choice-of-law provision. Rather, it merely shows arbitrator disagreed with Airbnb on the issue of whether the definition of "public injunctive relief" in *McGill* and other California case law must be read into the Arbitration Agreement. Thus, the arbitrator stated, "If Airbnb wanted the California *case law* definition of 'public injunctive relief' to apply to the arbitration agreement, it could have drafted the document to require that result." (Emphasis added.) Such a disagreement regarding the proper resolution of an arbitrable dispute is not enough to justify vacatur. *See Oxford Health*, 569 U.S. at 569 ("Because the parties 'bargained for the arbitrator's construction of their agreement,' an arbitral decision 'even arguably

- 10 -

construing or applying the contract' must stand, regardless of a court's view of its (de)merits.") (quoting *E. Associated Coal Corp. v. Mine Workers*, 531 U.S. 57, 62, 121 S. Ct. 462, 148 L. Ed. 2d 354 (2000)).

In sum, the arbitrator exceeding their powers is a "narrow ground[] for vacatur" under both the WUAA and FAA, *see Am. Tobacco*, 28 Wn. App. 2d at 478-79, and Airbnb has not carried its burden of showing that such grounds exist here. Consequently, the trial court erred in granting Airbnb's motion to vacate the arbitration award and denying HomeSpace's competing motion to confirm the arbitration award on the basis that the arbitrator's decision to "apply the ordinary meaning of the phrase public injunctive relief . . . . amounted to a manifest disregard of the law." We therefore vacate both of these orders.

III

Having vacated the trial court's orders granting Airbnb's motion to vacate the arbitration award and denying HomeSpace's motion to confirm that award, we decline to address the remaining issues on appeal.

First, we decline to address Airbnb's argument that we should "affirm the vacatur on either of two alternative bases," namely that the arbitrator exceeded his authority by (1) "deciding issues that were not before the Arbitrator" and (2) "applying the award to non-parties." We cannot properly address these issues for the first time on appeal because the record is insufficient to resolve them. *See Dalton M, LLC v. N. Cascade Tr. Servs., Inc.*, 2 Wn.3d 36, 56, 534 P.3d 339 (2023)

(cautioning appellate courts against addressing "fact-dependent" theories that "ha[ve] not been litigated below").[4]

Second, because we vacate the trial court's order granting Airbnb's motion to vacate the arbitration award, we need not address HomeSpace's argument that the trial court violated the WUAA by stating in this order that "[a]ny rehearing purporting to decide issues this Court has compelled to arbitration in the above-captioned action, shall be before a new arbitrator." *See Clark County v. W. Wash. Growth Mgmt. Hr'gs Review Bd.*, 177 Wn.2d 136, 146-47, 298 P.3d 704 (2013) (appellate courts "retain wide discretion in determining which issues must be addressed in order to properly decide a case on appeal" and "must address only those claims and issues necessary to properly resolving the case as raised on appeal by interested parties").

Lastly, we likewise decline to address HomeSpace's request, pursuant to RCW 7.04A.250(3), that we "order Airbnb [to] pay HomeSpace's reasonable attorney fees and litigation expenses incurred in this appeal and in the post-award proceedings below." RCW 7.04A.250(3) states:

> On application of a prevailing party to a contested judicial proceeding under RCW 7.04A.220, 7.04A.230, or 7.04A.240, the court may add to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award, attorneys' fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made.

---

[4] For example, the record contains limited information regarding the relationship between the four Airbnb entities, the extent to which the other three Airbnb entities knew of the Airbnb Travel Arbitration, the current status of the other two arbitration proceedings involving Airbnb, Inc. and Airbnb Payments, and whether McElrath or HomeSpace is the proper claimant in the arbitration proceedings. These issues may be addressed by the trial court, as appropriate, on remand. Lastly, Airbnb also argued below that HomeSpace "has no statutory standing to confirm the arbitration award." Airbnb has not raised a standing (or statutory authority) argument on appeal.

HomeSpace's request is premature because it is not a "prevailing party to a contested judicial proceeding" under RCW 7.04A.220, .230, or .240., nor has the trial court entered a judgment to which it "may add . . . attorneys' fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made." Upon the eventual entry of such a judgment, the trial court may consider this issue as it deems appropriate.

Vacated and remanded.

Feldman, J.

WE CONCUR:

Díaz, J.

Chung, J.